**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CARL WILLIAM STUBER, IV,<br>Defendant. | No. 19-cr-81-CJW<br>**CRIMINAL TRIAL MANAGEMENT ORDER** |

***TABLE OF CONTENTS***


***I. INTRODUCTION ........ 1***

***II. TRIAL DATE ........ 1***

***III. ACCEPTANCE OF RESPONSIBILITY ........ 1***

***IV. PRETRIAL CONFERENCE ........ 2***

***V. TRIAL STATUS REPORT ........ 2***

***VI. MOTIONS, NOTICES, AND REQUESTS ........ 3***

- ***A. Nontrial-Related Motions ........ 3***
- ***B. Trial-Related Motions and Trial Briefs ........ 3***
- ***C. Notices ........ 4***
- ***D. Requests ........ 4***
- **E.** ***Subpoenas and Requests for Writs ........ 4***

***VII. WITNESSES AND EXHIBITS ........ 5***

- ***A. Witness Lists ........ 5***
- ***B. Jencks Act Disclosures ........ 5***
- ***C. Exhibits ........ 6***

*VIII. JURY INSTRUCTIONS, VERDICT FORMS, INTERROGATORIES .......... 8*
*A. Parties' Instructions Conference ............ 8*
*B. Submission of Proposed Instructions ............ 9*
*C. Objections to Instructions ............ 10*
*D. Instructions in the Course of Trial ............ 10*
*E. Deadlines ............ 11*
*F. Reading of Jury Instructions ............ 11*
*IX. JURY INVESTIGATION ............ 11*
*X. JURY SELECTION PROCEDURES ............ 11*
*XI. CONDUCT OF TRIAL ............ 14*
*XII. OPENING STATEMENTS; CLOSING ARGUMENTS ............ 15*
*XIII. DEMONSTRATIVE AIDS ............ 15*
*XIV. DEFENDANT'S ATTIRE AT TRIAL ............ 15*
*XV. PROTOCOL FOR WITNESSES ............ 16*
*XVI. RESTRICTIONS ON WITNESSES ............ 16*
*A. Exclusion of Witnesses ............ 16*
*B. Restrictions on Communication with Witnesses ............ 17*
*C. Parties ............ 17*
*D. Uniformed Witnesses ............ 17*
*E. Duties of Counsel ............ 17*
*XVII. COURTROOM TECHNOLOGY ............ 18*
**Appendix – Deadlines Chart**

***I.*** ***INTRODUCTION***: This order sets forth the deadlines and procedures applicable to this case.[1] All deadlines specified in this order apply to the original trial date or any subsequent trial date to which the trial is continued, unless specified otherwise. A defendant who elects to represent himself/herself is held to the same deadlines and procedures as defense counsel.[2] A chart setting the deadlines is attached hereto in Appendix A.

***II.*** ***TRIAL DATE***: This case has been placed on the calendar of United States District Court Judge C.J. Williams for a jury trial scheduled to commence at the United States Courthouse, Courtroom Three, fourth floor, Cedar Rapids, Iowa, during the two-week period beginning on Monday, September 23, 2019.

***III.*** ***ACCEPTANCE OF RESPONSIBILITY***: This court has a very high volume of criminal cases requiring the court to schedule a number of criminal cases to commence on the same date. In order to afford all parties as much notice and opportunity to be prepared for trial as possible, the court anticipates making a final decision as to the cases to be tried and the order of trials approximately two weeks in advance of the date set for trial. Accordingly, all defendants must provide timely notice of an intent to plead guilty, **and** enter a timely guilty plea. To comply with this requirement, a defendant must (1) notify the court of the defendant's intention to plead guilty no later than **21 days**[3] before trial, and (2) enter the plea at least **14 days** prior to trial. If a defendant is pleading guilty pursuant to a written plea agreement, the plea

[1] This order was revised July 10, 2019. The parties are on notice that their duties and responsibilities have changed from what the court has required in prior orders.

[2] Accordingly, wherever reference is made herein to "defense counsel" or "counsel for defendant," it also means defendants who are representing themselves *pro se*.

[3] Where the word "days" is used herein, it references calendar days, not court days.



Case 1:19-cr-00081-CJW-MAR Document 8 Filed 07/26/19 Page 3 of 21

agreement must be fully executed by both parties prior to entry of the plea. If a defendant fails to meet both of these deadlines, the court **will not** grant the additional one-level decrease for acceptance of responsibility under USSG §3E1.1(b) because of the inability of the court to allocate its resources efficiently, unless exceptional circumstances are shown during the sentencing hearing.

***IV.*** ***PRETRIAL CONFERENCE***: The Pretrial Conference (PTC) will be held in the courtroom beginning **promptly** at 8:30 **a.m.** on the day scheduled for the commencement of trial. All counsel and parties shall be present for the PTC at the scheduled time, fully prepared to proceed with the trial of the case.

***V.*** ***TRIAL STATUS REPORT***: If a defendant does not provide notice of an intent to plead guilty **21 days** before trial, then **21 days** before trial the defendant must notify the court that the defendant intends to proceed to trial by filing a Trial Status Report. If the defendant files a Trial Status Report, then **20 days** before trial the government must file a Trial Status Report. The Trial Status Reports must inform the court as to (a) an estimate of the number of days necessary to try the case, (b) the number of witnesses the party anticipates calling, (c) a summary of any unusual legal or evidentiary issues, and (d) an indication of whether the party consents to having a United States Magistrate Judge preside over jury selection. The government's status report must also include the speedy trial calculation. If the parties fail to timely file Trial Status Report, then the parties and counsel will be required to appear in person at a status conference.

***VI.*** ***MOTIONS, NOTICES, AND REQUESTS***:

***A.*** ***Nontrial-Related Motions***. All motions not directly related to trial issues, including motions challenging the extent to which the United States is providing discovery, motions to suppress, motions to dismiss and motions for severance, must be filed within **28 days** after the date of the arraignment, or after the Court's acceptance of written waiver of arraignment.[4] *See* LCrR 12(a). This deadline controls even if the trial date established in this order is continued. Resistances to these motions must be filed within **7 days** after the filing of the motion, but in any event, at **least 4 days** before the court proceeding at which the motion will be heard. *See* LCrR 47. Pursuant to Administrative Order 07-AO-0007-P, entered April 19, 2007, these motions are hereby assigned to a United States Magistrate Judge for appropriate disposition.

Before an evidentiary hearing will be ordered on any such motion, the party seeking such a hearing must present definite, specific and detailed facts that demonstrate the existence of a substantial claim and an entitlement to the relief sought. Reliance on vague, conclusory allegations is insufficient. Any party requesting an evidentiary hearing must plead a factual basis that, if accepted as true, would entitle the party to relief. In the absence of a detailed factual pleading establishing prima facie entitlement to relief, the court may deny a request for an evidentiary hearing.

***B.*** ***Trial-Related Motions and Trial Briefs***. All trial-related motions, including motions in limine, must be filed as soon as practicable, but at least **18 days**

---

[4]Any reference in this Order to "the arraignment" is to the defendant's *first* arraignment. If a superseding indictment is returned and the defendant desires an extension of a deadline, then the defendant should promptly file a motion requesting such an extension. *See* LCrR 12(*b*); *see also* LR 7(j)(k).

before the commencement of trial.[5] This deadline applies to the original trial date, or if the trial date is continued, to the subsequent trial date. Only one motion in limine encompassing all issues should be filed. Resistances to these motions must be filed within **7 days** after the filing of the motion, but in any event, at **least 4 days** before the trial. *See* LCrR 47. Unless ordered otherwise, the court will take up these motions at the PTC.

Trial briefs must be served and filed at least **7 days** before the commencement of trial.

The parties are required to notify the court by motion in limine, by motion under Federal Rule of Evidence 104(a) or in the trial brief of all novel, unusual or complex legal, factual or procedural issues reasonably anticipated to arise at trial.

***C. Notices***. All notices referenced in Local Criminal Rule 12(a) must be given within **28 days** after the date of the arraignment or after the Court's acceptance of written waiver of arraignment.

***D. Requests***. All requests referenced in Local Criminal Rule 12(a) must be made within **28 days** after the date of the arraignment or after the Court's acceptance of written waiver of arraignment.

***E. Subpoenas and Requests for Writs***. Requests for **subpoenas** and **writs of *habeas corpus ad testificandum*** must be submitted no later than **21 days**[6] before trial, in accordance with the deadlines in Local Criminal Rule 17. A Magistrate Judge will

---

[5] If, however, a defendant has indicated an intent to plead guilty or signed a plea agreement as set forth in Section III above, this deadline is suspended pending the change of plea hearing. If the defendant does not plead guilty as intended, trial-related motions will then be due not later than **14 days** before trial.

[6] If the scheduled trial date falls between November 15 and January 15, parties must submit these requests no later than **28 days** before the scheduled trial date.

handle these requests; a courtesy copy should be delivered to the Magistrate Judge to ensure prompt processing of these requests.

## *VII. WITNESSES AND EXHIBITS*

***A. Witness Lists***. The parties shall exchange a list of prospective witnesses, and provide a copy to the court[7] no later than **7 days** prior to the scheduled trial date. Parties are not to file the witness lists, but shall provide a copy of the list to the court by emailing the same to the District Court Judge's Judicial Assistant. Parties shall also provide a copy of the witness list to the court reporter and to the Magistrate Judge if the parties have consented to having the Magistrate Judge preside over jury selection.

***B. Jencks Act Disclosures***. Assuming the parties have agreed to the standard reciprocal discovery order, and unless previously provided through discovery disclosures, no later than **7 days** prior to the scheduled trial date the United States shall provide to defense counsel or pro se party all materials required to be disclosed to the defendant under the Jencks Act, 18 U.S.C. § 3500, for each witness identified on the United States' witness list.[8] No later than the **day before** it is anticipated that the United States will rest its case in chief, defense counsel shall deliver to the United States any Jencks Act material for each witness identified on the defendant's witness list. For witnesses for whom there exists no statements or reports that were subject to disclosure through discovery or the Jencks Act, the party listing the witness shall provide on the

[7] The defendant need not be included in the witness list. The defendant is considered a possible witness in every criminal trial, and the final decision as to whether to call the defendant as a witness is often not made until just prior to the defendant resting his or her case in chief.

[8] Defense counsel may not photocopy, reproduce or re-disseminate these materials in any manner, and must return the materials to the United States at the conclusion of the trial.

witness list next to the witness's name the general nature of the witness's anticipated testimony.

The parties have an ongoing obligation to update their witness lists and Jencks Act disclosures in the event the witness lists change.

***C.*** ***Exhibits***. The parties shall exchange a list of prospective exhibits no later than **7 days** prior to the scheduled trial date. The exhibit lists shall appear in the following format:

| **(Government's)(Defendant's) Exhibits** | Objections [Cite Fed. R. Evid.] | Offered | (A) - (NA) |
|---|---|---|---|
| [1.][A.] [*describe exhibit*] | | * | * |
| [2.][B.] [*describe exhibit*] | | | |
| [3.][C.] [*describe exhibit*] | | | |

[*These columns are for use by the court at trial. Nothing should be entered in these columns by the parties.*]

No later than **5 days** prior to the scheduled trial date, the parties shall exchange copies of all documentary and digital or electronic exhibits, and shall confer (in person or over the telephone) regarding exhibits. At this conference, the parties are encouraged to reach an agreement on the admissibility of exhibits so that all exhibits to which there are no objections may be admitted upon stipulation of the parties at the commencement of the trial. To the extent the parties cannot stipulate to admission of exhibits, they should identify the Federal Rules of Evidence upon which they intend to rely in objecting to admission of the exhibit.

No later than **3 days** prior to the scheduled trial date, the parties shall provide the court with exhibit lists and copies of the exhibits (in digital form when possible). Pursuant to LR 83E(c), the exhibits shall be placed in a three-ringed binder, with a copy of the exhibit list at the front, and with each exhibit tabbed and labeled. The trial judge's copy of exhibits shall be separate from the original trial exhibits for the official records of the Clerk of Court. See LR 83E(c)&(d). Two sets of three-ringed binders are, therefore, required. The parties may also supply the trial judge with a courtesy copy of the exhibits in PDF format on a thumb drive, DVD, or CD.

Not later than **3 days** prior to trial, the parties must also provide the Clerk of Court with electronic copies of all exhibits. These can be submitted to the Clerk of Court on a disk or flash drive, or emailed to e-exhibits@iand.uscourts.gov. These electronic versions should be exact to the original trial exhibits (exhibit stickers, etc.) as they will be used by the jurors in the Jury Evidence Recording System (JERS) during deliberations and later by the Clerk of Court for filing in CM/ECF. Instructions on JERS can be found on the court's website under Courtroom Technology.

The exhibit lists provided to the court should reflect which exhibits the parties stipulate are admissible, which exhibits the parties object to and reference the Rules of Evidence pursuant to which the party is lodging the objection.

All exhibits must be marked by the parties before trial, in accordance with Local Criminal Rule 57B(a) and Local Rule 83E(a). The United States must use numbers and the defendant must use letters. *See* LR 83E(a)(1). Exhibits must also be marked with the case number. *See* LR 83E(a)(2). All exhibits longer than one page must contain page numbers at the bottom of each page. *See* LR 83E(a)(3). Personal data identifiers **must** be redacted from all exhibits, unless doing so would be unduly burdensome, in which case the party should ask for the exhibit to be filed under seal when admitted. *See* LR 10(g).

**All hearing and trial exhibits are to be filed electronically in accordance with Public Administrative Order 09-AO-03-P, filed May 29, 2009.**

***VIII. JURY INSTRUCTIONS, VERDICT FORMS, INTERROGATORIES*: The parties' assistance with the preparation of Jury Instructions is mandatory, and failure to submit proposals or objections as indicated in this Order will be deemed a waiver of such proposals or objections.** To aid the parties in meeting their obligation to assist with the preparation of Jury Instructions, instructions used in prior cases, including case-specific and stock instructions, are available on the court's website at *www.iand.uscourts.gov*.

***A. Parties' Instructions Conference*.** At least **17 days** before trial, the United States must serve (via email or telefax) on defense counsel its proposed instructions, verdict forms, interrogatories and statement of the case, as follows:

(1) "elements" of offenses charged, lesser-included offenses, and attempt or aiding and abetting alternatives and any necessary explanatory instructions;

(2) except in extraordinary circumstances, any "theory of defense" instruction(s) requested by the defendant;[9]

(3) "impeachment" instructions, which so far as practicable should include the name of the witness(es) to whom individual impeachment instructions (such as prior

[9] In the extraordinary circumstance in which a defendant might be prejudiced by revealing a theory of defense prior to trial, the defendant may submit a proposed "theory of defense" instruction for the court's in camera review **10 days** before trial, so that the court has the opportunity to review, research and/or revise the instruction. In those circumstances, the defendant's proposed "theory of defense" instruction will only be revealed to the United States prior to the instructions conference required by Rule 30 of the Federal Rules of Criminal Procedure.

conviction, testimony pursuant to a plea agreement or offer of immunity, testimony of an informant, etc.) are applicable;

(4) expert testimony instructions, if applicable;

(5) any other case-specific instructions, such as limiting instructions (to be given orally or in writing), that the parties reasonably can anticipate before evidence is presented at trial;

(6) verdict forms for each offense charged and each defendant;

(7) any relevant interrogatories; and

(8) a brief statement of the case to be read to the prospective jurors at the start of jury selection.

At least **15 days** before trial, defense counsel must serve (again via email or telefax) on the United States and all other defense counsel any alternative proposals.

At least **14 days** before the commencement of trial, counsel shall have an instructions conference, by telephone or in person. The Assistant United States Attorney in charge of the case is responsible for initiating the conference. However, failure of the Assistant United States Attorney to initiate the conference will not excuse the parties from submitting case-specific instructions separately by the deadline for such submissions, which is **12 days** before trial. At the instructions conference, counsel must attempt to agree on the form and content of the case-specific instructions, verdict forms, interrogatories and case statement.

***B. Submission of Proposed Instructions***. At least **12 days** before the commencement of trial, the parties **jointly** must file proposed instructions in each of the eight categories identified in part A above, consisting of the following: (1) all joint (that is, agreed) instructions on the issue; and (2) any instructions to which the parties have not agreed. The parties must advise the court in the proposed instructions whether instructions will be needed for expert testimony or testimony by a defendant. Each

requested instruction must be numbered separately (disputed instructions on the same issue must be identified, for example, as 5A for the plaintiff's submission and 5B for a defendant's submission), begin on a separate page and be double-spaced. **Every proposed instruction must indicate at the bottom the authority upon which it is based, such as model instruction number, statute, regulation, decision or other authority. All pattern instructions must be submitted in full text form with case-specific modifications**, such as name of a party or witness or alternative language applicable, with such modifications indicated by underscoring of additions and striking out of deletions.

***C. Objections to Instructions***. At least **10 days** before the commencement of trial, the parties **separately** must file the following: (1) objections to the court's stock instructions and any different or additional stock instructions the party requests; and (2) objections to the opposing party's proposed instructions on any disputed matters. **Again, every objection or proposed alternative instruction must indicate the authority upon which it is based, such as model instruction number, statute, regulation, decision or other authority, and all pattern instructions must be submitted in full text form with case-specific modifications.** The parties also will have the opportunity to make objections on the record to the final form of Preliminary and Final Jury Instructions before they are read to the jury.

***D. Instructions in the Course of Trial***. Instructions not requested as set forth above will be deemed waived, unless the subject of the instruction is one arising in the course of trial that reasonably could not have been anticipated before trial from the indictment, discovery or nature of the case. Instructions that reasonably could not have been anticipated may be submitted in the course of trial but, unless circumstances make it impracticable to do so, such instructions must be submitted in writing with supporting authority.

***E.*** ***Deadlines***. Deadlines as specified in this section apply to the original trial date or any subsequent date to which the trial is continued.

***F.*** ***Reading of Jury Instructions***. The court does not require the court reporter to transcribe the reading of the jury instructions and considers the instructions read as published in the final version filed of record. The parties should make a record as to any misreads of the instructions at the conclusion of the reading of the instructions.

If any party has an objection to any part of the procedure described in this section, that objection must be raised at or before the PTC.

***IX.*** ***JURY INVESTIGATION***: If any party does any type of jury investigation, the party must disclose to the court and all opposing counsel the name of any potential juror who has been determined to have a criminal conviction for an offense more serious than a simple misdemeanor.

***X.*** ***JURY SELECTION PROCEDURES***: The following describes the jury selection procedures.

***A.*** The Clerk of Court will notify approximately **forty to fifty** randomly selected potential jurors to appear at the courthouse at **8:15 a.m.** on the first day of trial.[10] About a week before trial, the attorneys will receive from the Clerk of Court a list of the potential jurors, together with copies of their juror questionnaires. The attorneys also

---

[10] Sometimes the Magistrate Judge may preside over jury selection, and may do so on a date or at a time different from that listed herein. Parties are to notify the court if they do not consent to a United States Magistrate Judge conducting the jury selection no later than **21 days** before trial. Additionally, parties consenting to the Magistrate Judge conducting the jury selection will each be permitted up to 45 minutes for voir dire, rather than 30 minutes of voir dire.

will receive a list of the first twenty-nine potential jurors[11] in the order in which they were randomly drawn. The court will be provided with a separate list of all of the potential jurors in the order in which they were randomly drawn.

***B.*** The first twenty-nine of the preselected potential jurors appearing for jury selection will be seated in order in the jury box[12] and will be the potential jurors first considered for empanelment on the jury.

***C.*** The Clerk of Court will open court.

***D.*** The court will greet the jury, counsel, and the parties; announce the name of the case to be tried and ask counsel if they are ready to proceed.

***E.*** The court will swear in the entire jury panel.

***F.*** The court will make some introductory remarks to the jury about the jury selection process.

***G.*** The court will ask the entire jury panel if they are aware of any circumstance that might prevent their service on the jury, and may excuse anyone for whom the court believes jury service would be an undue burden.

***H.*** The court will read a statement of the case.

---

[11] Twenty-nine is the number of potential jurors needed, after sixteen peremptory challenges, to produce twelve jurors and one alternate. One additional potential juror will be seated for each additional peremptory challenge and for each additional alternate juror required to try the case. Any request for additional peremptory challenges or alternate jurors must be filed at least **14 days** before the commencement of the trial. If there are multiple defendants, the defendants must decide how to use their peremptory challenges. If the defendants cannot agree, they must file a motion seeking relief at least **14 days** before the commencement of trial.

[12] If any of the first twenty-nine preselected potential jurors do not appear for jury selection or are excused from jury service after arriving at the courthouse, such potential jurors will be replaced with the next potential juror on the court's list of preselected potential jurors and the attorneys will be provided with an updated list.

***I.*** The court will introduce the courtroom staff, then ask the attorneys to identify themselves, the members of their firms, their clients, the names of witnesses they expect to call at trial and the names of persons that may be referenced during the trial.

***J.*** The court will engage the preselected potential jurors in an initial voir dire and may utilize PowerPoint presentation software to display questions on the presentation equipment in the courtroom. This voir dire may include questions for the panel requested by a party who has filed a timely pretrial request for voir dire.

***K.*** After the court has completed its questions, each side will be permitted to conduct jury voir dire. A request for additional time for attorney voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made no later than **14 days** before trial.

***L.*** The parties may challenge any potential juror for cause. These challenges may be made at the sidebar. If a potential juror is excused for cause, he or she will be replaced by the next potential juror on the court's list of preselected potential jurors, who then will undergo the same questioning as the other potential jurors. There will be twenty-nine potential jurors remaining in the jury box at the conclusion of voir dire.

***M.*** The Clerk of Court will give counsel for the United States a seating chart of the twenty-nine remaining potential jurors. Counsel for the United States is to strike three of the names by noting next to the name "$\pi$ 1," "$\pi$ 2," and so on, and then state aloud, "Exercised." The Clerk of Court then will take the chart and hand it to defense counsel, who is to strike five of the names by noting next to the name "Δ 1," "Δ 2," and so on, and then state aloud, "Exercised." This procedure will be repeated until the United States has exercised six peremptory challenges and the defendant has exercised ten peremptory challenges, and thirteen jurors remain on the chart.

***N.*** After the defendant has exercised the last strikes, the Clerk of Court will provide the United States with the chart for review. The Clerk of Court will then provide

the chart to the court. The names of the thirteen remaining jurors will be announced in the numerical order in which they are seated on the Clerk of Court's seating chart. The rest of the panel will be excused. The first twelve names will be the jury. **The alternate juror shall be the last name on the Clerk of Court's seating chart that has not been stricken by either party.** The alternate will not be advised that he or she is an alternate juror.

***O.*** The court will swear in the jury.

***P.*** Any objection to this procedure for selecting jurors and alternate jurors must be served and filed at least **14 days** before the commencement of trial.

***XI.*** ***CONDUCT OF TRIAL***: It is anticipated that the first day of trial will last from 9:00 a.m. to 5:00 p.m. Thereafter, trial days may start or end at different times, depending on the other demands on the court's schedule. The court will notify the parties of the trial schedule no later than the PTC. The parties are expected to have witnesses available so the court can take testimony throughout the full trial day with no undue delays in the receipt of evidence.

After the first day of trial, **the parties are expected to be at the courthouse and available in the courtroom by no later than 8:15 a.m. on each morning of trial.** The time between 8:15 a.m. and the start of testimony is to be used to review exhibits the parties anticipate introducing into evidence during that trial day, to set up any audiovisual equipment and to take up any evidentiary or other issues which need to be addressed outside the presence of the jury. In the event any party believes there may be particularly difficult issues requiring more than five or ten minutes to resolve, that party must promptly advise the court and opposing counsel so an earlier time can be set to meet outside the presence of the jury and still start the receipt of evidence at the time scheduled for trial to begin.

Sidebar conferences during the trial are strongly discouraged by the court. **Defense counsel is advised that a defendant, whether in custody or not, is entitled to participate in sidebar conferences, and this right is waived if the defendant does not attend such a conference.** The defendant may participate in sidebar conferences by putting on the headset provided at counsel table. Unless proceeding *pro se*, the defendant shall not accompany defense counsel to sidebar. The defendant should be advised by counsel of this right and procedure before the commencement of trial.

***XII. OPENING STATEMENTS; CLOSING ARGUMENTS***: Opening statements are limited to **thirty minutes** and closing arguments are limited to **one hour. A request for additional time for opening statements or closing arguments must be made no later than the PTC.** Opening statements and closing arguments may be made in a standing position at counsel table, at the podium, or in the well of the courtroom. Counsel must at all times, however, either speak in front of a microphone or use a lavaliere microphone.

***XIII. DEMONSTRATIVE AIDS***: A party using a demonstrative aid during a jury trial must, before the demonstrative aid is displayed to the jury, show the demonstrative aid to all other parties participating in the trial. The term "demonstrative aid" includes charts, diagrams, models, samples and animations, but does not include exhibits admitted into evidence or outlines of opening statements or closing arguments.

***XIV. DEFENDANT'S ATTIRE AT TRIAL***: Defense counsel is directed to arrange for street clothing for the defendant to wear during the trial. No defendant should appear in court during the trial in jail-issued clothing.

***XV. PROTOCOL FOR WITNESSES***: An attorney who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court. This advice should include the following information: (A) the location of the witness box; (B) the proper route from the courtroom door to the witness box; (C) the fact that the witness will be placed under oath; (D) where the witness should stand while the oath is being administered; (E) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (F) that the witness should speak only in response to a question; (G) that the witness should wait for a ruling on any objections before proceeding to answer a question; (H) that the witness should answer all questions verbally; and (I) that substances such as food, beverages and chewing gum should not be brought into the courtroom.

Attorneys also must advise their clients and witnesses of proper dress for the courtroom. Proper dress does not include blue jeans, shorts, overalls, T-shirts, collarless shirts, shirts with printed words or phrases on the front or back, tank tops or the like.

***XVI. RESTRICTIONS ON WITNESSES***:

***A. Exclusion of Witnesses***. A witness who may testify at the trial or at an evidentiary hearing will not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615, the Victims' Rights and Restitution Act of 1990 (42 U.S.C. § 10607), the Justice for All Act of 2004 (18 U.S.C. § 3771) or the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph is further prohibited from reviewing a verbatim record of the testimony of

other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

***B.*** ***Restrictions on Communications with Witnesses***. Unless the court orders otherwise, after the commencement of the trial or evidentiary hearing, and until the conclusion of the trial or hearing, a witness who may testify at the trial or hearing is prohibited from communicating with anyone, including counsel, about what has occurred in the courtroom during the trial or hearing. If the witness does testify at the trial or hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with counsel about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

***C.*** ***Parties***. The restrictions on witnesses in paragraphs (A) and (B) of this section do not apply to the United States's case agent, any defendant in the case or any investigator employed by a defendant in the case.

***D.*** ***Uniformed Witnesses***. No person who testifies at trial on behalf of any party in this case, and no defendant, United States case agent, or investigator, may appear in court in the presence of the jury wearing a law enforcement uniform. Any such person must, at all times while in the presence of the jury, wear appropriate civilian clothing that does not identify the person as a representative of a law enforcement agency. The testimony of any witness appearing in court before a jury in attire prohibited by this order may be barred.

***E.*** ***Duties of Counsel***. An attorney who may call a witness to testify at the trial or evidentiary hearing must, before the trial or hearing, advise the witness of the restrictions in this section.

***XVII. <u>COURTROOM TECHNOLOGY</u>:*** Before the commencement of trial, attorneys and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operating the equipment. Instruction and training on the proper use of the equipment may be obtained from the court's automation staff, whose contact information is contained on the court's website at the following web address: *www.iand.uscourts.gov*.

If a party wishes to use video conferencing technology for the testimony of any witness, the party **must** contact the court's automation staff and complete a "Video Conference End-End Certification" form **at least 10 days in advance of the start of the trial.** The court will require at least one test connection prior to the start of trial. **Failure to comply with the court's requirements for video conferencing will result in the court denying the opportunity to have a witness testify via video conferencing.**

If a party wishes to connect a laptop computer to the courtroom equipment, the party must have the laptop computer tested by the court's automation staff **at least 7 days in advance of the start of the trial. Failure to have the laptop computer tested will result in the court denying the connection of the laptop computer to the courtroom equipment.**

If a party wishes to present evidence in the form of a VHS tape, a DVD, an audio cassette, an audio CD or any other form of media requiring use of the courtroom equipment, the party **must** have such items of evidence tested by the court's automation staff **at least 7 days** in advance of the start of the trial to ensure compatibility with the courtroom equipment.

**IT IS SO ORDERED** this 26th day of July, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

**APPENDIX A - Criminal Trial Scheduling Order Deadlines, Northern District of Iowa**

| Event | Deadline | Page |
|---|---|---|
| Nontrial-related motions per LcrR 12(a) | 28 days after first arraignment | 3 |
| Requests and notices per LcrR 12(a) | 28 days after first arraignment | 4 |
| | | |
| Subpoenas & requests for writs | 21 days before trial (28 days if trial between 11/15 and 1/15) | 4 |
| Third level for acceptance of responsibility | 21 days before trial (notice of plea intent) and 14 days before trial (entry of plea) | 1 |
| Defendant Trial Status Report | 21 days before trial (if notice of intent to plead guilty is not filed 21 days before trial) | 2 |
| Government Trial Status Report | 20 days before trial (if Defendant files a status report and no notice of intent to plead guilty is filed 21 days before trial) | 2 |
| | | |
| Government provides defense with proposed instructions, verdict forms, interrogatories, and statement of the case | 17 days before trial | 8 |
| Defense provides government with alternative proposed jury instructions or objections | 15 days before trial | 9 |
| Jury instruction conference | 14 days before trial | 9 |
| Joint proposed jury instructions to the court | 12 days before trial | 9 |
| In camera submission of theory of defense jury instruction | 10 days before trial | 8 |
| Objections to joint proposed or court stock jury instructions | 10 days before trial | 10 |
| | | |
| Trial-related motions (e.g., motions in limine) | 18 days before trial | 3 |
| | | |
| Requests for more time for voir dire | 14 days before trial | 13 |
| Requests for more peremptory strikes | 14 days before trial | 12 |
| Objections to jury selection procedure | 14 days before trial | 14 |
| | | |
| Contact court's IT staff re: video testimony | 10 days before trial | 18 |
| Testing courtroom technology | 7 days before trial | 18 |
| | | |
| Trial briefs | 7 days before trial | 4 |
| Witness lists | 7 days before trial | 5 |
| Exhibit lists | 7 days before trial | 6 |
| Government disclosure of Jencks material | 7 days before trial | 5 |
| Exhibit conference and exchange of exhibits | 5 days before trial | 6 |
| Two copies of exhibits and exhibit lists to court, in tabbed and labeled three-ringed binders | 3 days before trial | 7 |
| Exhibits to clerk (electronic copies) | 3 days before trial | 7 |

- The word "days" refers to calendar days, and not "court days."
- Local Criminal Rule 12 controls deadlines for filing resistances and reply briefs to any motions set forth above.