IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-CR-0081-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| CARL WILLIAM STUBER, IV, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESISTANCE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND VARIANCE**

Defendant asks the Court to depart or vary downward from the advisory guidelines range. (Docket 37). The United States resists defendant's motion.

## I. The Court Should Not Depart Downward

Defendant seeks a downward departure under USSG §5K2.13. That guideline begins: "A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." USSG §5K2.13. Importantly, defendant fails to note that the guideline also states:

> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant

> has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

USSG §5K2.13.

In this case, section 5K2.13 is inapplicable for the following reasons. First, defendant fails to establish the threshold requirements of the guideline. Defendant offers no support to show that defendant was suffering from a significantly reduced mental capacity when he committed the offense conduct and that such capacity contributed substantially to the commission of the offense. Defendant's Exhibit A consists of medical records, the most recent of which date from 1997. (Docket 37 at 15-43). In 1997, over twenty years ago, defendant was nine years old. Defendant was thirty years old when he engaged in the offense conduct. Medical records from defendant's childhood cannot support any conclusions about defendant's mental state in 2018 and 2019. The only other citations defendant offers are articles about mental health treatment in prison. The Bureau of Prisons will provide defendant with any necessary medical treatment. Defendant fails to provide any relevant evidence substantiating his claim of diminished capacity or connecting any such impairment to his offense, and this is sufficient for the Court to deny defendant's motion. *See United States v. Utlaut*, 497 F.3d 843, 846 (8th Cir. 2007) (affirming district court's denial of section 5K2.13 motion where defendant failed to show he had a condition that impaired his ability to understand the wrongfulness of the offense, exercise reason, control his destructive behavior, and that his impairment contributed substantially to his offense).

Second, even if defendant met the initial requirements of section 5K2.1, the guideline would remain inapplicable here. Because "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence" and "the defendant's criminal history indicates a need to incarcerate the defendant to protect the public, defendant cannot receive a departure under §5K2.13. Defendant pled guilty to two counts of a four-count Superseding Indictment charging him with threat offenses. His offense consists almost entirely of making serious threats of violence. Looking at the numerous threats defendant made, he said he would kill multiple people, blow up a bank, beat people, kill police officers, stab people . . . the list goes on. (PSR ¶¶ 9-25). As he threatened, defendant falsely reported a structure fire at the Bank, which caused seven units from the Cedar Rapids Fire Department to respond. As will be shown at the hearing, because of defendant's threats, the Bank hired a plainclothes officer for their lobby and the officer remained stationed there for nearly seven weeks. Defendant's offense conduct shows a need to protect the public from defendant. So too does defendant's criminal history. Defendant has engaged in a number of violent acts in the past. He has assaulted his past and current partners, A.V. and D.G., on several occasions. He was convicted of assaulting A.V. and later violated a court protection order. (PSR ¶¶ 48-49). In May 2018, D.G. received a protection order against defendant after he choked her. *Id.* ¶ 55. Four months later, he violated that protection order and threatened D.G. with a gun. *Id.* ¶ 56. Defendant has four detainers against him. *Id.* at 1. The facts and

circumstances of defendant's case involve a serious threat of violence and his offense and criminal history indicate a need to protect the public from defendant. Accordingly, the Court should deny defendant's motion for a downward departure under §5K2.13.

## II. The Court Should Not Vary Downward

Defendant also asks the Court to vary downward from the advisory guidelines range to sentence of 24 months' imprisonment. (Docket 37 at 14). However, in doing so, defendant fails to provide any analysis of the 18 U.S.C. § 3553(a) factors. For the reasons stated in the government's sentencing brief, (Docket 36-1), a downward variance is not appropriate in this case.

## III. Conclusion

Given the serious nature of defendant's crime, the Count should deny defendant's motion for a downward departure and variance and depart and/or vary upward.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: */s/ Kyndra Lundquist*

KYNDRA LUNDQUIST
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
319-363-6333
319-363-1990 – Fax
Kyndra.Lundquist@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY
BY: /s KAL