IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) 19-CR-81
)
CARL STUBER, IV, )
)
Defendant. )

APPEARANCES:

ATTORNEY KYNDRA LUNDQUIST, U.S. Attorney's Office, 111 Seventh Avenue S.E., Box 1, Cedar Rapids, Iowa 52401, appeared on behalf of the United States.

ATTORNEY ANDREA D. MASON, Keegan, Tindal, and Mason, 2322 E. Kimberly Road, Suite 140S, Davenport, Iowa 52807, appeared on behalf of the Defendant.

CHANGE OF PLEA HEARING,

HELD BEFORE THE HON. MARK A. ROBERTS,

on the 12th day of November, 2019, at 111 Seventh Avenue S.E., Cedar Rapids, Iowa, commencing at 3:56 p.m., and transcribed from an audio recording by Patrice A. Murray, Certified Shorthand Reporter.

Transcript Ordered: 5/12/20
Transcript Completed: 6/5/20

Patrice A. Murray, CSR, RPR, RMR, FCRR
United States District Court
111 Seventh Avenue S.E.
Cedar Rapids, Iowa 52401-2101
(319) 286-2338

# INDEX

## GOVERNMENT EXHIBITS

Exhibit 1 ---------------------------------------- 12

(The following proceedings were held in open court.)

THE COURT: The matter before the Court is United States versus Carl William Stuber, IV, Number 19-CR-81. The matter comes on for a change of plea. The United States is represented by Assistant United States Attorney Kyndra Lundquist. And the defendant is here in person with his attorney, Andrea Mason.

Mr. Stuber, you've been charged by an indictment in four counts. Count 1 charges you with transmitting an extortionate communication in Interstate Commerce, threat to property or reputation. And Counts 2 through 4 charge you with transmitting a threatening communication in Interstate Commerce.

Have you received a copy of that indictment, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I understand that you intend to plead guilty to Counts 2 and 3 of what's now a superseding indictment in this case at document number 12. Is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you had a full opportunity to discuss these charges in detail with Ms. Mason?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You need to understand that I'm a United States magistrate judge, and your case has also

been assigned to a United States District Court judge. You have the right to have a district court judge preside over a guilty plea proceeding. I can preside over the hearing this afternoon but only with your voluntary consent. Is it agreeable with you that I preside over this hearing today?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Let the record also reflect that at document number 19 of the court's file is a written consent to proceed before a magistrate judge. That appears to be signed by Mr. Stuber and Ms. Mason. So with your consent, Mr. Stuber, I will preside over the hearing today.

Now, during your -- our hearing, I need to ask you some questions, and your answers to my questions have to be under oath. So at this point, I'm going to ask you to please stand and raise your right hand so I can place you under oath.

(Whereupon, the defendant was sworn by the Court.)

THE COURT: Please be seated. You are now under oath. If you knowingly lie or make a false statement, the government could charge you with the crimes of perjury or making a false statement. And if you are convicted of those offenses, you could be sentenced to a period of imprisonment and fined. Do you

understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: It's important that you answer my questions truthfully today, because if you were to lie or make a false statement, the government could use that very statement against you to charge you with those offenses. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, the first few questions I have for you are really just designed to make sure that you are in a mental state today where you can knowingly and voluntarily enter a guilty plea. Would you please state your full name?

THE DEFENDANT: Carl William Stuber, IV.

THE COURT: How old are you, Mr. Stuber?

THE DEFENDANT: 31.

THE COURT: How far did you go in school?

THE DEFENDANT: I think a GED.

THE COURT: Do you have any difficulty reading or understanding the English language?

THE DEFENDANT: No.

THE COURT: Have you ever suffered from depression, anxiety, or any other mental illness?

THE DEFENDANT: I'm ADHD and bipolar.

THE COURT: Is there something about your

mental health condition that you think would interfere with your ability to understand the proceedings here today?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you ever used illegal drugs or abused alcohol?

THE DEFENDANT: Marijuana.

THE COURT: Do you think your prior drug or alcohol use might affect your ability to understand the proceedings here today?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you taking any medications or prescription drugs for any mental or physical condition?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you taking prescriptions for your bipolar condition?

THE DEFENDANT: No, Your Honor.

THE COURT: What are you taking medication for?

THE DEFENDANT: I'm HIV positive.

THE COURT: Okay. Do you think the medication you are taking would interfere with your ability to understand these proceedings?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. Are you supposed to be on medication for any conditions?

THE DEFENDANT: Yes.

THE COURT: Okay. Do you think the lack of medication would affect your ability to understand what's going on here today?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you been able to understand things so far?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Do you know of any reason why you might have difficulty understanding these proceedings?

THE DEFENDANT: No, Your Honor.

THE COURT: It's important to me that you do understand everything that happens today, so if there's something that you don't understand, would you please stop me and let me know?

THE DEFENDANT: Yes, sir.

THE COURT: Also, I'm not in any hurry. And if you need to stop and visit with Ms. Mason about anything that comes up, we'll take time to address that; she can visit with you.

Ms. Mason, do you have any reason to believe the defendant is not competent to enter a guilty plea?

MS. MASON: No, Your Honor. I've met with Mr. Stuber on multiple occasions. We've reviewed the

documents associated with this case. And in each of those instances, I've found Mr. Stuber to be competent, knowledgeable, and able to understand the proceedings, as well as our discussions.

THE COURT: Thank you.

I need to talk to you now, Mr. Stuber, about all the rights that you'll be giving up if you plead guilty today. First of all, you don't have to plead guilty today. You can go forward and have a jury trial on these charges if you prefer. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You also have a right to have a lawyer to help and represent you during every stage of this case. In this case, I understand that you hired Ms. Mason and Mr. Tindal to represent you; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And if it came to the point where you could no longer afford those services, you could apply to the court, and I would appoint an attorney to represent you all the way through your trial. So you shouldn't let your finances stand in the way of you being able to have a jury trial. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand your right to an

attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Have you been generally satisfied with the services provided by Ms. Mason?

THE DEFENDANT: Yes.

THE COURT: You have the right to a speedy and public trial before a jury of 12 people selected from a cross section of the community. Both you and your lawyer would have a role in selecting the people who would serve on your jury. And the jurors would swear under oath to try your case fairly based only on the evidence that's admitted at trial and based on the law as given to them by the judge. Any verdict by the jury would have to be unanimous. That means that all 12 people on the jury would have to agree on the verdict.

Do you understand your right to a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: There's also something called the presumption of innocence. That means if the case went to trial, the judge would tell the jury that you are presumed innocent of these charges. And that presumption of innocence could only be overcome if the government produced evidence that proved your guilt beyond a reasonable doubt. In fact, the trial judge would tell the jury that that presumption of innocence alone could

be enough for you to be found not guilty. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You also have the right to confrontation. That means if this case went to trial, the government would have to call its witnesses here in open court. You would have a right to see those witnesses and they could see you. You wouldn't have to challenge their testimony if you didn't want to, but you could confront them by having your attorney cross-examine them if you chose. But if you plead guilty here today, Mr. Stuber, you'll be giving up any right to confront witnesses on these charges. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You also have the right to present a defense. In a criminal case like this, the burden of proof is always on the government, and it would never shift to you. So if this case went to trial, you wouldn't have to produce any evidence if you didn't want to. But if you wanted to present a defense, you could. For example, you could call witnesses or you could offer exhibits into evidence. And if you couldn't afford to have witnesses served with subpoenas or you couldn't afford to have witnesses travel here to court, I would make the government pay those expenses for you. But

again, if you plead guilty here today, Mr. Stuber, you'll be giving up any right you have to present a defense to these charges. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Finally, you have the right to remain silent. You could testify at your trial if you wanted to, but you wouldn't have to testify, and no one could make you testify. And if you chose not to testify, the prosecutor wouldn't say anything about that to the jury. In fact, the trial judge would instruct the jurors that they could not take into account in any way or even discuss among themselves the fact that you did not testify in reaching their verdict. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In summary, Mr. Stuber, if you plead guilty here today, there will be no trial. You will be found guilty based on your plea, just as if there had been a trial and just as if a jury had deliberated and returned a guilty verdict against you. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, the parties have entered into a plea agreement in this case, which is in the form of a letter to Ms. Mason and Mr. Tindal, dated October 25,

2019. And it's from Ms. Lundquist; and it's been marked as Government's Exhibit 1. Is the government offering that into evidence at this time, Ms. Lundquist?

MS. LUNDQUIST: Yes, Your Honor.

THE COURT: Any objections, Ms. Mason?

MS. MASON: No, Your Honor.

THE COURT: Government's Exhibit 1 will be received.

(Whereupon, Exhibit 1 was received.)

THE COURT: Do you have a copy of that plea agreement in front of you, Mr. Stuber?

MS. MASON: Your Honor, we do have the plea agreement in front of Mr. Stuber. It does have some notations and corrections that are handwritten that were not included in Government's Exhibit 1. Government's Exhibit 1 is the cleaned-up version, so we do have that in front of us.

THE COURT: Do you have the one that he signed?

MS. MASON: I do, Your Honor.

THE COURT: Okay. If you can turn to the last page of the plea agreement, Mr. Stuber, I see on Exhibit 1 a -- someone's typed your name there with a signature line, and on top of the signature line I see a signature. Is that your signature?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you review the plea agreement in its entirety before you signed it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And by signing it, did you intend to indicate that you read, understood, and agreed to the terms of the plea agreement?

THE DEFENDANT: Yes.

THE COURT: I don't want to know what questions you might have asked Mr. Tindal or Ms. Mason and I don't want to know what answers they gave you, but I assume as you went through this lengthy document you probably had some questions for them about it. Is that a fair assumption?

THE DEFENDANT: Yes, sir.

THE COURT: Did your attorneys answer all of your questions to your satisfaction?

THE DEFENDANT: Yes, sir.

THE COURT: As you sit here today, do you have any questions about the plea agreement that you reached with the government?

THE DEFENDANT: No, sir.

THE COURT: Could you turn with me now, please, in the plea agreement to page 3. You'll see a section there called Stipulation of Facts beginning with paragraph 9, and then there are subparagraphs A through

W -- I'm sorry, X, that continue all the way to page 9. Do you see that?

THE DEFENDANT: Yes, sir.

THE COURT: And next to each of those paragraphs, except for the ones that are marked -- intentionally left blank, I see some initials there. Are those your initials?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you place your initials there to indicate that the information contained in those paragraphs is true and correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In fact, throughout the plea agreement, wherever I see paragraphs with blanks, except those that are intentionally left blank, I see those same initials. Are those your initials in each of those places?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you place your initials there to indicate that you read, understood, and agreed to the terms of the plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Now, before I can recommend that the district court accept your guilty plea, I need to be satisfied that you are in fact guilty as charged in the

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

superseding indictment. And for you to be found guilty of Count 2, transmitting a threatening communication in Interstate Commerce, the government would have to prove three things beyond a reasonable doubt. I'm going to go over each of those three things with you. The first time I read them, I'm just going to ask you if you understand them; and the second time I'm going to ask you if they're true.

The first thing the government would have to prove is that on or about June 6, 2019, you knowingly sent a communication containing a threat to injure another person. Specifically, you sent two text messages to C.S. and stated, "When I get out of prison, I'm going to kill you" and "UR dead." Do you understand the first thing the government would have to prove?

THE DEFENDANT: Yes, sir.

THE COURT: And is it true that on or about June 6, 2019, you knowingly sent a communication containing a threat to injure another person, specifically, you sent two messages to C.S. indicating, "When I get out of prison, I'm going to kill you" and "UR dead"? Is that all true?

THE DEFENDANT: Yes, sir.

THE COURT: The second thing the government would have to prove is that these communications were

sent in Interstate Commerce. Do you understand the second thing the government would have to prove?

THE DEFENDANT: Yes, sir.

THE COURT: Is it true that these communications were sent in Interstate Commerce?

THE DEFENDANT: Yes, sir.

THE COURT: Now, the third thing the government would have to prove is that you sent the communications for the purpose of threatening -- issuing a threat and with knowledge that the communication would be viewed as a threat. Do you understand the third thing the government would have to prove?

THE DEFENDANT: Yes.

THE COURT: And is it true that you sent the communication for the purpose of issuing a threat and with knowledge that the communications would be viewed as a threat?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, for Count 3, the government would also have to prove three things. The first thing the government would have to prove is that on or about June 6, 2019, you knowingly sent a communication containing a threat to injure another person. Specifically, you placed a telephone call to a bank in Cedar Rapids and stated during your call -- I'm not going

to read it all, but I believe it's the same information there that's included at paragraph Q on page 7 of the plea agreement. Could you confirm that with me, Mr. Stuber?

THE DEFENDANT: Yes, sir.

THE COURT: Are those, the statements that you see in paragraph Q on page 7 that you initialled, the statements that you made at that time?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And you understand the first thing the government would have to prove?

THE DEFENDANT: Yes.

THE COURT: And is it true that on or about June 6, 2019, you knowingly sent a communication containing a threat to injure another person; specifically, you placed a telephone call to a bank in Cedar Rapids and stated during said call the statements that are included in paragraph Q on page 7?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, the second thing the government would have to prove is that the communication was sent in Interstate Commerce. Do you understand the second thing the government would have to prove?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And is it true the communication

was sent in Interstate Commerce?

THE DEFENDANT: Yes, sir.

THE COURT: The third thing the government would have to prove is that the communication was for the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat. Do you understand the third thing the government would have to prove?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And is it true that you sent the communication for the purpose of issuing a threat with the knowledge that the communication would be viewed as a threat?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Now, the plea agreement, I believe, calls for dismissal of Counts 1 and 4. That's up to the district court judge, and that will have to be a decision the district court judge makes at the time of your sentencing. If the district court judge does not agree to the dismissal of those charges, you'll be allowed to withdraw your guilty plea to Counts 2 and 3 if you want. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Ms. Lundquist, did I accurately describe the elements of the charges?

MS. LUNDQUIST: You did, Your Honor.
THE COURT: Have I established an adequate factual basis for the guilty plea?
MS. LUNDQUIST: Yes, Your Honor.
THE COURT: Ms. Mason, do you think Mr. Stuber understands the elements of the charges against him?
MS. MASON: I do, Your Honor.
THE COURT: Have I established an adequate factual basis for the plea?
MS. MASON: Yes, Your Honor.
THE COURT: Have you had full access to the government's discovery materials?
MS. MASON: We have, Your Honor.
THE COURT: Do you believe they support a factual basis for the defendant's guilty plea?
MS. MASON: I do, Your Honor.
THE COURT: Do you know of any possible defense to this charge which you have not considered and discussed with Mr. Stuber?
MS. MASON: No, Your Honor.
THE COURT: Thank you. At this point, Mr. Stuber, I need to talk to you about the penalties that apply in this case. No doubt you've talked about them with Ms. Mason, but for our record I want to make sure we all understand what you are facing. Counts 2 and

***Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.***

3 of the superseding indictment are each punishable by the following maximum penalties: First, not more than 5 years' imprisonment without the possibility of parole; second, a fine of not more than $250,000; third, a mandatory special assessment of $100; and fourth, a term of supervised release of up to 3 years.

Now, because there are multiple counts, Counts 2 and 3, each are subject to those. With the exception of that supervised release, the penalties could be run consecutively, for a maximum sentence of 10 years' imprisonment, a $500,000 fine, $200 special assessments, and, again, the 3 years of supervised release. Do you understand the maximum penalties which may be imposed in this case?

THE DEFENDANT: Yes, sir.

THE COURT: I'm not sure that everybody understands what "run consecutively" means, so I go over it a little bit more. That means, colloquially, they boxcar those sentences. You can be required to serve them one after the other. So that's why it can be a total maximum sentence of 10 years. Do you understand all that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Now, at the time of your sentencing, the judge will perform a calculation under

the federal sentencing guidelines that are issued by the United States Sentencing Commission. That calculation will result in what's called an advisory guideline range. That's a range of months within which the Sentencing Commission suggests that the judge should sentence you based on your crimes and your background. The judge has to consider this advisory range in determining your sentence, but the judge isn't bound to sentence you within that range. The judge can give you more time or less time, that is, depart upward or downward from the advisory guideline range, based on the factors that are in the sentencing statutes and the sentencing guidelines.

So it's important for you to understand, Mr. Stuber, that the sentence ultimately imposed by the judge in your case could be different from what the advisory guidelines suggest that it should be, and it could be different from what Ms. Mason or Mr. Tindal may have estimated or predicted that you would receive, and it could be all the way up to the statutory maximum sentence, which in this case is 10 years' imprisonment and half a million dollars in fines. Do you understand all of that?

THE DEFENDANT: Yes, sir.

THE COURT: You should also understand that you will be in custody for all of any prison sentence you receive, reduced only by any credit you might earn for

good behavior while you are in prison. You can earn some percentage off your sentence for good behavior, but you won't be seeing a parole board and you won't be paroled early out of prison, because there is no parole in the federal court system. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you a United States citizen?

THE DEFENDANT: Yes.

THE COURT: This is a felony offense, so as a result of this conviction, you'll lose the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Do you understand the loss of citizenship rights associated with a felony conviction?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I mentioned that after you've served your prison sentence, you'll be placed on supervised release, in this case for up to 3 years. And during that time, your conduct will be monitored by a United States Probation officer. At the time of your sentencing, the judge will impose certain conditions on your supervised release. There are some standard conditions that apply in every case, things like you can't commit a federal, state, or a local crime, and you cannot possess or use controlled substances. The sentencing judge will likely impose other conditions as

well.

It's important for you to understand, Mr. Stuber, that while you are on supervised release, you must comply with all of the terms of that supervised release, because if you violate any of them, the judge could revoke your supervised release and send you back to prison for all of any time you would otherwise have been on supervised release, and the judge does not have to give you any credit for any time you may have served on supervised release without any violations. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: As a result of this conviction, you'll be required to pay restitution to any victims in this case. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Ms. Lundquist, are you aware of other collateral consequences that could arise as a result of the defendant's plea that I need to advise him of?

MS. LUNDQUIST: No, Your Honor.

THE COURT: If you plead guilty here today, Mr. Stuber, I'm going to order a presentence investigation, and the probation officer will conduct a thorough investigation of your case and of your background to draft a presentence investigation report.

Both you and the government will receive a copy of that report, and it's important that you go over it carefully with Ms. Mason and point out any errors or omissions that you find so she can bring those to the attention of the probation office and get them corrected, because when it comes time for your sentencing, the judge will rely heavily on that report in trying to determine the most appropriate sentence for you; so it's really in your best interest to work with your attorneys to make sure that report is as accurate as it can be.

When the report is final, you'll get a copy of it and the Court will schedule your sentencing hearing. At that sentencing hearing, both you and the government will have an opportunity to present evidence, and you'll be given a chance to talk directly to the judge. You can tell the judge anything you think is important to consider in determining your sentence.

Do you have any questions about the sentencing procedures that would follow a guilty plea in this case?

THE DEFENDANT: No, Your Honor.

THE COURT: Now, generally, both you and the government have the right to appeal the sentence to the Eighth Circuit Court of Appeals; however, in this case, as part of your plea agreement, you've waived certain appeal rights, except under the circumstances as set

forth in paragraph 26 of the plea agreement. Do you understand that as part of your plea agreement, you are waiving certain rights to appeal?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Stuber, if you plead guilty and the district court judge accepts your guilty plea, you'll have no right to withdraw that guilty plea later, even if you change your mind or even if you are unhappy with the sentence ultimately imposed by the judge. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has anybody forced, pressured, or threatened you in any way to get you to plead guilty or made any promises to get you to plead guilty, other than what's in the plea agreement?

THE DEFENDANT: No.

THE COURT: Ms. Mason, do you believe a guilty plea in this case would be voluntary?

MS. MASON: I do, Your Honor.

THE COURT: Do you know of any legal reason why the plea should not be accepted?

MS. MASON: No, Your Honor.

THE COURT: Do you know of anything the Court has omitted which could affect the validity of the plea?

MS. MASON: No, Your Honor.

THE COURT: Ms. Lundquist, do you know of anything the Court has omitted which could affect the validity of the plea?

MS. LUNDQUIST: No, Your Honor.

THE COURT: Mr. Stuber, we've covered a lot of information this afternoon, and I want to take a minute to make sure you understood it so you don't come back next week or next month or next year and say that you didn't understand something or that someone forced or pressured you to plead guilty. Have you been able to understand everything we've talked about?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any questions about any of it?

THE DEFENDANT: No.

THE COURT: Has anyone forced or pressured you to plead guilty?

THE DEFENDANT: No.

THE COURT: Is your decision to plead guilty a voluntary decision?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Then formally and for the record, how do you plead to Count 2 of the superseding indictment, which charges you with the crime of transmitting a threatening communication in Interstate

Commerce? Guilty or not guilty.

THE DEFENDANT: Guilty.

THE COURT: How do you plead to Count 3 of the superseding indictment, which charges you with the crime of transmitting a threatening communication in Interstate Commerce? Guilty or not guilty.

THE DEFENDANT: Guilty.

THE COURT: The record will reflect that the defendant has pleaded guilty to both Count 2 and Count 3 of the superseding indictment. I find the defendant is competent, he fully understands the charges against him, there's a factual basis for his pleas, he knows the maximum punishments that could be imposed on the charges, he knows his jury rights, and he's voluntarily waived those rights.

I further find the defendant's decision to plead guilty was voluntarily, knowing, and not the result of any force, pressure, threats, or promises, other than the promises made by the government in the plea agreement; therefore, I conclude the defendant should be found guilty, based on his plea of guilty.

I will sign and file a report and recommendation, recommending that the district court judge accept the defendant's guilty plea. The parties have 14 days from the filing of my report to file objections to it. And if

no objection is made, then the district court judge may accept my recommendation and the defendant's guilty plea by simply entering a written order doing so.

I hereby order a presentence investigation. Mr. Stuber, as I mentioned, the Court will schedule your sentencing hearing for a later date. In the meantime, you'll remain detained.

Do you have any questions about anything we've discussed this afternoon?

THE DEFENDANT: No, Your Honor.

THE COURT: Good luck to you, sir.

Is there anything further on behalf of the government?

MS. LUNDQUIST: No, Your Honor.

THE COURT: Anything further on behalf of the defense?

MS. MASON: No, Your Honor. Thank you.

THE COURT: Thank you all. That will conclude our hearing.

(Proceedings concluded at 4:21 p.m.)

C E R T I F I C A T E

I, Patrice A. Murray, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that at the time and place heretofore indicated, a hearing was held before the Honorable Mark A. Roberts; that I transcribed from an audio recording the proceedings of said hearing to the best of my ability; and that the foregoing transcript is a true record of all proceedings had on the taking of said hearing at the above time and place.

I further certify that I am not related to or employed by any of the parties to this action, and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto or financially interested in the action.

IN WITNESS WHEREOF, I have set my hand this 5th day of June, 2020.

/s/ Patrice A. Murray

Patrice A. Murray, CSR, RPR, RMR, FCRR
United States District Court, NDIA
111 Seventh Avenue S.E.
Cedar Rapids, Iowa 52401-2101

## $

**$100** [1] - 20:5
**$200** [1] - 20:11
**$250,000** [1] - 20:4
**$500,000** [1] - 20:11

## /

**/s** [1] - 29:12

## 1

**1** [10] - 1:10, 2:4, 3:9, 12:2, 12:7, 12:9, 12:15, 12:16, 12:22, 18:16
**10** [3] - 20:10, 20:21, 21:20
**111** [4] - 1:10, 1:17, 1:24, 29:13
**12** [4] - 2:4, 3:19, 9:7, 9:14
**12th** [1] - 1:17
**14** [1] - 27:24
**140S** [1] - 1:12
**19** [1] - 4:9
**19-CR-81** [2] - 1:5, 3:4

## 2

**2** [8] - 3:11, 3:17, 15:2, 18:21, 19:25, 20:7, 26:23, 27:9
**2019** [6] - 1:17, 12:1, 15:10, 15:18, 16:22, 17:14
**2020** [1] - 29:10
**2322** [1] - 1:12
**25** [1] - 11:25
**26** [1] - 25:1
**286-2338** [1] - 1:25

## 3

**3** [11] - 3:17, 13:23, 16:19, 18:21, 20:1, 20:6, 20:8, 20:12, 22:17, 27:3, 27:9
**31** [1] - 5:16
**319** [1] - 1:25
**3:56** [1] - 1:18

## 4

**4** [2] - 3:11, 18:16
**4:21** [1] - 28:20

## 5

**5** [1] - 20:3
**5/12/20** [1] - 1:21
**52401** [1] - 1:10
**52401-2101** [2] - 1:24, 29:14
**52807** [1] - 1:12
**5th** [1] - 29:10

## 6

**6** [4] - 15:10, 15:18, 16:22, 17:14
**6/5/20** [1] - 1:21

## 7

**7** [3] - 17:2, 17:7, 17:18

## 9

**9** [2] - 13:25, 14:1

## A

**ability** [5] - 6:2, 6:9, 6:21, 7:3, 29:4
**able** [4] - 7:6, 8:3, 8:23, 26:10
**abused** [1] - 6:6
**accept** [3] - 14:24, 27:23, 28:2
**accepted** [1] - 25:21
**accepts** [1] - 25:6
**access** [1] - 19:11
**account** [1] - 11:11
**accurate** [1] - 24:10
**accurately** [1] - 18:24
**action** [2] - 29:7, 29:9
**address** [1] - 7:20
**adequate** [2] - 19:2, 19:8
**ADHD** [1] - 5:24
**admitted** [1] - 9:12
**advise** [1] - 23:18
**advisory** [4] - 21:3, 21:7, 21:11, 21:15
**affect** [4] - 6:9, 7:3, 25:24, 26:2
**afford** [3] - 8:19, 10:22, 10:24
**afternoon** [3] - 4:4, 26:6, 28:9
**agree** [2] - 9:15, 18:20
**agreeable** [1] - 4:5
**agreed** [2] - 13:5, 14:20
**agreement** [17] - 11:24, 12:11, 12:13, 12:21, 13:1, 13:6, 13:19, 13:23, 14:14, 14:21, 17:3, 18:15, 24:24, 25:1, 25:2, 25:15, 27:19
**alcohol** [2] - 6:6, 6:9
**allowed** [1] - 18:21
**alone** [1] - 9:25
**AMERICA** [1] - 1:3
**ammunition** [1] - 22:12
**Andrea** [1] - 3:7
**ANDREA** [1] - 1:12
**answer** [2] - 5:3, 13:15
**answers** [2] - 4:15, 13:10
**anxiety** [1] - 5:23
**appeal** [3] - 24:22, 24:25, 25:3
**Appeals** [1] - 24:23
**APPEARANCES** [1] - 1:9
**appeared** [2] - 1:11, 1:13
**apply** [3] - 8:20, 19:23, 22:22
**appoint** [1] - 8:20
**appropriate** [1] - 24:8
**arise** [1] - 23:17
**assessment** [1] - 20:5
**assessments** [1] - 20:11
**assigned** [1] - 4:1
**Assistant** [1] - 3:5
**associated** [2] - 8:1, 22:13
**assume** [1] - 13:10
**assumption** [1] - 13:13
**attention** [1] - 24:4
**ATTORNEY** [2] - 1:10, 1:12
**Attorney** [1] - 3:6
**attorney** [5] - 3:7, 8:20, 9:1, 10:10, 29:8
**Attorney's** [1] - 1:10
**attorneys** [2] - 13:15, 24:9
**audio** [2] - 1:19, 29:4
**Avenue** [4] - 1:10, 1:17, 1:24, 29:13
**aware** [1] - 23:16

## B

**background** [2] - 21:6, 23:25
**bank** [2] - 16:24, 17:16
**based** [6] - 9:11, 9:12, 11:18, 21:6, 21:11, 27:21
**basis** [4] - 19:3, 19:9, 19:15, 27:12
**BEFORE** [1] - 1:16
**beginning** [1] - 13:24
**behalf** [4] - 1:11, 1:13, 28:12, 28:15
**behavior** [2] - 22:1, 22:2
**best** [2] - 24:8, 29:4
**beyond** [2] - 9:23, 15:4
**bipolar** [2] - 5:24, 6:16
**bit** [1] - 20:18
**blank** [2] - 14:6, 14:15
**blanks** [1] - 14:14
**board** [1] - 22:3
**bound** [1] - 21:8
**Box** [1] - 1:10
**boxcar** [1] - 20:19
**bring** [1] - 24:4
**burden** [1] - 10:16

## C

**C.S** [2] - 15:12, 15:20
**calculation** [2] - 20:25, 21:2
**call** [6] - 10:6, 10:21, 16:24, 16:25, 17:16, 17:17
**called** [3] - 9:18, 13:24, 21:3
**calls** [1] - 18:16
**cannot** [1] - 22:24
**carefully** [1] - 24:2
**Carl** [2] - 3:3, 5:14
**CARL** [1] - 1:6
**case** [22] - 3:18, 3:25, 8:1, 8:14, 9:11, 9:19, 10:5, 10:16, 10:18, 11:24, 19:23, 20:14, 21:15, 21:20, 22:17, 22:22, 23:14, 23:24, 24:19, 24:23, 25:18
**Cedar** [6] - 1:10, 1:18, 1:24, 16:25, 17:17, 29:14
**certain** [3] - 22:20, 24:24, 25:3
**Certified** [2] - 1:20, 29:2
**certify** [2] - 29:2, 29:7
**challenge** [1] - 10:9
**chance** [1] - 24:15
**CHANGE** [1] - 1:15
**change** [2] - 3:4, 25:8
**charge** [4] - 3:11, 4:22, 5:6, 19:18
**charged** [2] - 3:8, 14:25
**charges** [13] - 3:9, 3:22, 8:10, 9:21, 10:13, 11:3, 18:20, 18:25, 19:6, 26:24, 27:4, 27:11, 27:13
**chose** [2] - 10:11, 11:8
**Circuit** [1] - 24:23
**circumstances** [1] - 24:25
**citizen** [1] - 22:7
**citizenship** [1] - 22:13
**cleaned** [1] - 12:16
**cleaned-up** [1] - 12:16
**collateral** [1] - 23:17
**colloquially** [1] - 20:18
**commencing** [1] - 1:18
**Commerce** [9] - 3:10, 3:13, 15:3, 16:1, 16:5, 17:22, 18:1, 27:1, 27:6
**Commission** [2] - 21:2, 21:5
**commit** [1] - 22:23
**communication** [17] - 3:10, 3:12, 15:2, 15:11, 15:18, 16:10, 16:15, 16:22, 17:14, 17:21, 17:25, 18:4, 18:6, 18:11, 18:12, 26:25, 27:5
**communications** [4] - 15:25, 16:5, 16:8, 16:16
**community** [1] - 9:8
**competent** [3] - 7:23, 8:2, 27:11
**Completed** [1] - 1:21

**comply** [1] - 23:3
**conclude** [2] - 27:20, 28:18
**concluded** [1] - 28:20
**condition** [3] - 6:1, 6:13, 6:16
**conditions** [4] - 6:25, 22:20, 22:22, 22:25
**conduct** [2] - 22:18, 23:23
**confirm** [1] - 17:3
**confront** [2] - 10:10, 10:12
**confrontation** [1] - 10:5
**consecutively** [2] - 20:10, 20:17
**consent** [3] - 4:5, 4:10, 4:12
**consequences** [1] - 23:17
**consider** [2] - 21:7, 24:17
**considered** [1] - 19:18
**contained** [1] - 14:10
**containing** [4] - 15:11, 15:19, 16:23, 17:15
**continue** [1] - 14:1
**controlled** [1] - 22:24
**convicted** [1] - 4:24
**conviction** [3] - 22:10, 22:13, 23:12
**copy** [4] - 3:14, 12:10, 24:1, 24:11
**correct** [3] - 3:19, 8:16, 14:11
**corrected** [1] - 24:5
**corrections** [1] - 12:14
**counsel** [1] - 29:8
**Count** [7] - 3:9, 15:2, 16:19, 26:23, 27:3, 27:9
**Counts** [6] - 3:11, 3:17, 18:16, 18:21, 19:25, 20:7
**counts** [2] - 3:9, 20:7
**COURT** [102] - 1:1, 3:2, 3:16, 3:21, 3:24, 4:8, 4:20, 5:3, 5:9, 5:15, 5:17, 5:19, 5:22, 5:25, 6:5, 6:8, 6:12, 6:15, 6:18, 6:20, 6:24, 7:2, 7:6, 7:9, 7:13, 7:18, 8:5, 8:12, 8:18, 8:25, 9:3, 9:6, 9:18, 10:4, 10:15, 11:5, 11:16, 11:23, 12:5, 12:7, 12:10, 12:18, 12:20, 13:1, 13:4, 13:8, 13:15, 13:18, 13:22, 14:4, 14:9, 14:13, 14:19, 14:23, 15:17, 15:24, 16:4, 16:7, 16:14, 16:19, 17:6, 17:10, 17:13, 17:20, 17:25, 18:3, 18:10, 18:15, 18:24, 19:2, 19:5, 19:8, 19:11, 19:14, 19:17, 19:21, 20:16, 20:24, 21:23, 22:7, 22:9, 22:15, 23:12, 23:16, 23:21, 24:21, 25:5, 25:12, 25:17, 25:20, 25:23, 26:1, 26:5, 26:13, 26:16, 26:19, 26:22, 27:3, 27:8, 28:11, 28:15, 28:18
**Court** [10] - 1:23, 3:2, 4:1, 4:19, 24:12, 24:23, 25:23, 26:2, 28:5, 29:13
**court** [13] - 3:1, 4:2, 8:20, 10:7, 10:24, 14:24, 18:17, 18:18, 18:19, 22:5, 25:6, 27:23, 28:1
**court's** [1] - 4:9
**covered** [1] - 26:5
**credit** [2] - 21:25, 23:9
**crime** [3] - 22:23, 26:24, 27:4
**crimes** [2] - 4:23, 21:6
**criminal** [1] - 10:16
**cross** [2] - 9:8, 10:10
**cross-examine** [1] - 10:10
**CSR** [2] - 1:23, 29:12
**custody** [1] - 21:24

## D

**date** [1] - 28:6
**dated** [1] - 11:25
**Davenport** [1] - 1:12
**days** [1] - 27:24
**dead** [2] - 15:14, 15:22
**decision** [4] - 18:18, 26:19, 26:20, 27:16
**DEFENDANT** [79] - 3:15, 3:20, 3:23, 4:7, 5:2, 5:8, 5:14, 5:16, 5:18, 5:21, 5:24, 6:4, 6:7, 6:11, 6:14, 6:17, 6:19, 6:23, 7:1, 7:5, 7:8, 7:12, 7:17, 8:11, 8:17, 8:24, 9:2, 9:5, 9:17, 10:3, 10:14, 11:4, 11:15, 11:22, 12:25, 13:3, 13:7, 13:14, 13:17, 13:21, 14:3, 14:8, 14:12, 14:18, 14:22, 15:16, 15:23, 16:3, 16:6, 16:13, 16:18, 17:5, 17:9, 17:12, 17:19, 17:24, 18:2, 18:9, 18:14, 18:23, 20:15, 20:23, 21:22, 22:6, 22:8, 22:14, 23:11, 23:15, 24:20, 25:4, 25:11, 25:16, 26:12, 26:15, 26:18, 26:21, 27:2, 27:7, 28:10
**defendant** [6] - 3:6, 4:19, 7:23, 27:9, 27:10, 27:20
**Defendant** [2] - 1:7, 1:13
**defendant's** [5] - 19:15, 23:18, 27:16, 27:24, 28:2
**defense** [5] - 10:16, 10:20, 11:2, 19:17, 28:16
**deliberated** [1] - 11:19
**depart** [1] - 21:10
**depression** [1] - 5:23
**describe** [1] - 18:25
**designed** [1] - 5:10
**detail** [1] - 3:22
**detained** [1] - 28:7
**determine** [1] - 24:7
**determining** [2] - 21:7, 24:17
**different** [2] - 21:15, 21:16
**difficulty** [2] - 5:19, 7:10
**directly** [1] - 24:15
**discovery** [1] - 19:12
**discuss** [2] - 3:22, 11:12
**discussed** [2] - 19:19, 28:9
**discussions** [1] - 8:4
**dismissal** [2] - 18:16, 18:20
**DISTRICT** [2] - 1:1, 1:1
**district** [8] - 4:2, 14:24, 18:17, 18:18, 18:19, 25:6, 27:23, 28:1
**District** [3] - 1:23, 4:1, 29:13
**document** [3] - 3:18, 4:9, 13:11
**documents** [1] - 8:1
**dollars** [1] - 21:20
**doubt** [3] - 9:24, 15:4, 19:23
**downward** [1] - 21:10
**draft** [1] - 23:25
**drug** [1] - 6:8
**drugs** [2] - 6:5, 6:13
**during** [5] - 4:14, 8:13, 16:25, 17:17, 22:18

## E

**early** [1] - 22:4
**earn** [2] - 21:25, 22:1
**Eighth** [1] - 24:23
**elements** [2] - 18:25, 19:6
**employed** [2] - 29:7, 29:8
**employee** [1] - 29:8
**English** [1] - 5:20
**enter** [2] - 5:12, 7:23
**entered** [1] - 11:23
**entering** [1] - 28:3
**entirety** [1] - 13:2
**errors** [1] - 24:3
**established** [2] - 19:2, 19:8
**estimated** [1] - 21:17
**evidence** [6] - 9:11, 9:23, 10:19, 10:22, 12:3, 24:14
**examine** [1] - 10:10
**example** [1] - 10:21
**except** [3] - 14:5, 14:14, 24:25
**exception** [1] - 20:8
**Exhibit** [7] - 2:4, 12:2, 12:7, 12:9, 12:15, 12:16, 12:22
**exhibits** [1] - 10:22
**EXHIBITS** [1] - 2:3
**expenses** [1] - 10:25
**extortionate** [1] - 3:10

## F

**facing** [1] - 19:25
**fact** [5] - 9:24, 11:10, 11:12, 14:13, 14:25
**factors** [1] - 21:11
**Facts** [1] - 13:24
**factual** [4] - 19:3, 19:9, 19:15, 27:12
**fair** [1] - 13:12
**fairly** [1] - 9:11
**false** [3] - 4:21, 4:23, 5:5
**far** [2] - 5:17, 7:7
**FCRR** [2] - 1:23, 29:12
**federal** [3] - 21:1, 22:5, 22:23
**felony** [2] - 22:9, 22:13
**few** [1] - 5:9
**file** [3] - 4:9, 27:22, 27:25
**filing** [1] - 27:25
**final** [1] - 24:11
**finally** [1] - 11:5
**finances** [1] - 8:22
**financially** [1] - 29:9
**find** [3] - 24:4, 27:10, 27:16
**fine** [2] - 20:4, 20:11
**fined** [1] - 4:25
**fines** [1] - 21:21
**firearms** [1] - 22:12
**first** [8] - 5:9, 8:8, 15:5, 15:9, 15:14, 16:20, 17:10, 20:2
**follow** [1] - 24:19
**following** [2] - 3:1, 20:2
**FOR** [1] - 1:1
**force** [1] - 27:18
**forced** [3] - 25:12, 26:9, 26:16
**foregoing** [1] - 29:5
**form** [1] - 11:24
**formally** [1] - 26:22
**forth** [1] - 25:1
**forward** [1] - 8:9
**four** [1] - 3:9
**fourth** [1] - 20:5
**front** [3] - 12:11, 12:13, 12:17
**full** [3] - 3:21, 5:13, 19:11
**fully** [1] - 27:11

## G

**GED** [1] - 5:18
**generally** [2] - 9:3, 24:21
**get** [6] - 15:13, 15:21, 24:5, 24:11, 25:13, 25:14
**give** [2] - 21:9, 23:8
**given** [2] - 9:12, 24:15
**giving** [3] - 8:7, 10:12, 11:2
**government** [27] - 4:22, 5:5, 9:22, 10:6, 10:17, 10:25, 12:2, 13:20, 15:3, 15:9, 15:15, 15:24, 16:2, 16:7, 16:12, 16:19, 16:21, 17:11, 17:21, 17:23, 18:3, 18:7, 24:1, 24:13, 24:22, 27:19, 28:13
**GOVERNMENT** [1] - 2:3
**government's** [1] - 19:12
**Government's** [4] - 12:2,

12:7, 12:15
**guideline** [2] - 21:3, 21:11
**guidelines** [3] - 21:1, 21:12, 21:15
**guilt** [1] - 9:23
**guilty** [41] - 3:17, 4:3, 5:12, 7:23, 8:7, 8:8, 10:1, 10:11, 11:1, 11:17, 11:18, 11:20, 14:24, 14:25, 15:1, 18:21, 19:3, 19:15, 23:21, 24:19, 25:5, 25:6, 25:7, 25:13, 25:14, 25:17, 26:10, 26:17, 26:19, 27:1, 27:2, 27:6, 27:7, 27:9, 27:17, 27:21, 27:24, 28:2

## H

**half** [1] - 21:20
**hand** [2] - 4:17, 29:10
**handwritten** [1] - 12:14
**happens** [1] - 7:14
**health** [1] - 6:1
**hearing** [11] - 4:4, 4:6, 4:13, 4:14, 24:12, 24:13, 28:6, 28:19, 29:3, 29:4, 29:5
**HEARING** [1] - 1:15
**heavily** [1] - 24:7
**held** [2] - 3:1, 29:3
**HELD** [1] - 1:16
**help** [1] - 8:13
**hereby** [2] - 28:4, 29:2
**hereto** [1] - 29:8
**heretofore** [1] - 29:3
**hired** [1] - 8:14
**HIV** [1] - 6:19
**hold** [1] - 22:11
**HON** [1] - 1:16
**Honor** [53] - 3:15, 3:20, 3:23, 4:7, 5:2, 5:8, 6:4, 6:11, 6:14, 6:17, 6:23, 7:5, 7:12, 7:24, 8:24, 10:14, 12:4, 12:6, 12:12, 12:19, 12:25, 13:3, 14:8, 14:12, 14:18, 16:18, 17:9, 17:19, 17:24, 18:9, 18:23, 19:1, 19:4, 19:7, 19:10, 19:13, 19:16, 19:20, 22:6, 22:14, 23:11, 23:20, 24:20, 25:11, 25:19, 25:22, 25:25, 26:4, 26:12, 26:21, 28:10, 28:14, 28:17
**Honorable** [1] - 29:3
**hurry** [1] - 7:18

## I

**illegal** [1] - 6:5
**illness** [1] - 5:23
**important** [6] - 5:3, 7:13, 21:13, 23:2, 24:2, 24:16
**impose** [2] - 22:20, 22:25
**imposed** [4] - 20:13, 21:14, 25:9, 27:13
**imprisonment** [4] - 4:25, 20:3, 20:11, 21:20
**IN** [2] - 1:1, 29:10
**included** [3] - 12:15, 17:2, 17:18
**INDEX** [1] - 2:1
**indicate** [3] - 13:5, 14:10, 14:20
**indicated** [1] - 29:3
**indicating** [1] - 15:20
**indictment** [8] - 3:8, 3:14, 3:18, 15:1, 20:1, 26:24, 27:4, 27:10
**information** [3] - 14:10, 17:1, 26:6
**initialled** [1] - 17:7
**initials** [6] - 14:6, 14:7, 14:9, 14:16, 14:19
**injure** [4] - 15:11, 15:19, 16:23, 17:15
**innocence** [3] - 9:19, 9:22, 9:25
**innocent** [1] - 9:21
**instances** [1] - 8:2
**instruct** [1] - 11:10
**intend** [2] - 3:16, 13:4
**intentionally** [2] - 14:6, 14:15
**interest** [1] - 24:9
**interested** [1] - 29:9
**interfere** [2] - 6:1, 6:21
**Interstate** [9] - 3:10, 3:13, 15:3, 16:1, 16:5, 17:22, 18:1, 26:25, 27:5
**investigation** [4] - 23:23, 23:24, 23:25, 28:4
**IOWA** [1] - 1:1
**Iowa** [6] - 1:10, 1:12, 1:18, 1:24, 29:2, 29:14
**issued** [1] - 21:1
**issuing** [4] - 16:9, 16:15, 18:5, 18:11
**IV** [3] - 1:6, 3:3, 5:14

## J

**judge** [28] - 3:25, 4:1, 4:2, 4:10, 9:13, 9:20, 9:24, 11:10, 18:17, 18:18, 18:19, 20:25, 21:5, 21:6, 21:8, 21:9, 21:14, 22:20, 22:25, 23:5, 23:8, 24:6, 24:15, 24:16, 25:6, 25:9, 27:23, 28:1
**June** [5] - 15:10, 15:18, 16:22, 17:14, 29:10
**jurors** [2] - 9:10, 11:10
**jury** [13] - 8:9, 8:23, 9:7, 9:10, 9:13, 9:14, 9:16, 9:20, 9:25, 11:10, 11:19, 22:11, 27:14

## K

**Keegan** [1] - 1:12
**kill** [2] - 15:13, 15:21
**Kimberly** [1] - 1:12
**knowing** [1] - 27:17
**knowingly** [6] - 4:21, 5:11, 15:10, 15:18, 16:22, 17:14
**knowledge** [4] - 16:10, 16:16, 18:5, 18:12
**knowledgeable** [1] - 8:3
**knows** [2] - 27:12, 27:14
**Kyndra** [1] - 3:6
**KYNDRA** [1] - 1:10

## L

**lack** [1] - 7:2
**language** [1] - 5:20
**last** [1] - 12:20
**law** [1] - 9:12
**lawyer** [2] - 8:13, 9:8
**left** [2] - 14:6, 14:15
**legal** [1] - 25:20
**lengthy** [1] - 13:11
**less** [1] - 21:10
**letter** [1] - 11:25
**lie** [2] - 4:21, 5:4
**likely** [1] - 22:25
**line** [2] - 12:23
**local** [1] - 22:23
**lose** [1] - 22:10
**loss** [1] - 22:12
**luck** [1] - 28:11
**Lundquist** [6] - 3:6, 12:1, 12:3, 18:24, 23:16, 26:1
**LUNDQUIST** [7] - 1:10, 12:4, 19:1, 19:4, 23:20, 26:4, 28:14

## M

**made** [4] - 17:8, 25:14, 27:19, 28:1
**magistrate** [2] - 3:25, 4:10
**make** [8] - 4:21, 5:5, 5:10, 10:25, 11:8, 19:24, 24:9, 26:7
**makes** [1] - 18:18
**making** [1] - 4:23
**mandatory** [1] - 20:5
**marijuana** [1] - 6:7
**Mark** [1] - 29:3
**MARK** [1] - 1:16
**marked** [2] - 12:1, 14:5
**MASON** [14] - 1:12, 7:24, 12:6, 12:12, 12:19, 19:7, 19:10, 19:13, 19:16, 19:20, 25:19, 25:22, 25:25, 28:17
**Mason** [16] - 1:12, 3:7, 3:22, 4:11, 7:19, 7:22, 8:15, 9:4, 11:25, 12:5, 13:9, 19:5, 19:24, 21:17, 24:3, 25:17
**materials** [1] - 19:12
**matter** [2] - 3:2, 3:4
**maximum** [6] - 20:2, 20:10, 20:13, 20:21, 21:19, 27:13
**means** [5] - 9:14, 9:19, 10:5, 20:17, 20:18
**meantime** [1] - 28:6
**medication** [4] - 6:18, 6:20, 6:25, 7:3
**medications** [1] - 6:12
**mental** [4] - 5:11, 5:23, 6:1, 6:13
**mentioned** [2] - 22:15, 28:5
**messages** [2] - 15:12, 15:20
**met** [1] - 7:24
**might** [4] - 6:9, 7:10, 13:9, 21:25
**million** [1] - 21:20
**mind** [1] - 25:8
**minute** [1] - 26:6
**monitored** [1] - 22:18
**month** [1] - 26:8
**months** [1] - 21:4
**most** [1] - 24:7
**MS** [19] - 7:24, 12:4, 12:6, 12:12, 12:19, 19:1, 19:4, 19:7, 19:10, 19:13, 19:16, 19:20, 23:20, 25:19, 25:22, 25:25, 26:4, 28:14, 28:17
**multiple** [2] - 7:25, 20:7
**Murray** [5] - 1:19, 1:23, 29:2, 29:12, 29:12
**must** [1] - 23:3

## N

**name** [2] - 5:13, 12:22
**NDIA** [1] - 29:13
**need** [7] - 3:24, 4:14, 7:19, 8:6, 14:24, 19:22, 23:18
**never** [1] - 10:17
**next** [4] - 14:4, 26:8
**NORTHERN** [1] - 1:1
**notations** [1] - 12:14
**November** [1] - 1:17
**number** [2] - 3:18, 4:9
**Number** [1] - 3:3

## O

**oath** [4] - 4:16, 4:18, 4:21, 9:10
**objection** [1] - 28:1
**objections** [2] - 12:5, 27:25
**occasions** [1] - 7:25
**October** [1] - 11:25

**OF** [3] - 1:1, 1:3, 1:15
**offense** [1] - 22:9
**offenses** [2] - 4:24, 5:7
**offer** [1] - 10:21
**offering** [1] - 12:2
**Office** [1] - 1:10
**office** [2] - 22:11, 24:5
**officer** [2] - 22:19, 23:23
**old** [1] - 5:15
**omissions** [1] - 24:3
**omitted** [2] - 25:24, 26:2
**one** [3] - 11:7, 12:18, 20:20
**ones** [1] - 14:5
**open** [2] - 3:1, 10:7
**opportunity** [2] - 3:21, 24:14
**order** [3] - 23:22, 28:3, 28:4
**Ordered** [1] - 1:21
**otherwise** [1] - 23:7
**overcome** [1] - 9:22

## P

**p.m** [2] - 1:18, 28:20
**page** [6] - 12:21, 13:23, 14:1, 17:2, 17:7, 17:18
**paragraph** [5] - 13:25, 17:2, 17:7, 17:18, 25:1
**paragraphs** [3] - 14:5, 14:11, 14:14
**parole** [3] - 20:3, 22:3, 22:4
**paroled** [1] - 22:3
**part** [2] - 24:24, 25:2
**parties** [4] - 11:23, 27:24, 29:7, 29:8
**Patrice** [5] - 1:19, 1:23, 29:2, 29:12, 29:12
**pay** [2] - 10:25, 23:13
**penalties** [4] - 19:22, 20:2, 20:9, 20:13
**people** [3] - 9:7, 9:9, 9:14
**percentage** [1] - 22:2
**perform** [1] - 20:25
**period** [1] - 4:25
**perjury** [1] - 4:23
**person** [5] - 3:7, 15:12, 15:19, 16:23, 17:15
**physical** [1] - 6:13
**place** [5] - 4:17, 14:9, 14:19, 29:3, 29:6
**placed** [3] - 16:24, 17:16, 22:16
**places** [1] - 14:17
**Plaintiff** [1] - 1:4
**plea** [38] - 3:4, 4:3, 5:12, 7:23, 11:18, 11:24, 12:10, 12:12, 12:21, 13:1, 13:6, 13:19, 13:23, 14:13, 14:21, 14:24, 17:3, 18:15, 18:21, 19:3, 19:9, 19:15, 23:18, 24:19, 24:24, 25:1, 25:2, 25:6, 25:7, 25:15, 25:18, 25:21, 25:24, 26:3, 27:19, 27:21, 27:24, 28:2
**PLEA** [1] - 1:15
**plead** [16] - 3:17, 8:7, 8:8, 10:11, 11:1, 11:17, 23:21, 25:5, 25:13, 25:14, 26:10, 26:17, 26:19, 26:23, 27:3, 27:16
**pleaded** [1] - 27:9
**pleas** [1] - 27:12
**point** [4] - 4:16, 8:18, 19:21, 24:3
**positive** [1] - 6:19
**possess** [2] - 22:11, 22:24
**possibility** [1] - 20:3
**possible** [1] - 19:17
**predicted** [1] - 21:18
**prefer** [1] - 8:10
**prescription** [1] - 6:13
**prescriptions** [1] - 6:15
**present** [4] - 10:15, 10:20, 11:2, 24:14
**presentence** [3] - 23:22, 23:25, 28:4
**preside** [4] - 4:2, 4:3, 4:5, 4:12
**pressure** [1] - 27:18
**pressured** [3] - 25:12, 26:10, 26:16
**presumed** [1] - 9:21
**presumption** [3] - 9:19, 9:21, 9:25
**prison** [7] - 15:13, 15:21, 21:24, 22:1, 22:4, 22:16, 23:6
**Probation** [1] - 22:19
**probation** [2] - 23:23, 24:5
**procedures** [1] - 24:19
**proceed** [1] - 4:10
**proceeding** [1] - 4:3
**proceedings** [8] - 3:1, 6:2, 6:10, 6:22, 7:11, 8:3, 29:4, 29:5
**Proceedings** [1] - 28:20
**produce** [1] - 10:19
**produced** [1] - 9:23
**promises** [3] - 25:14, 27:18, 27:19
**proof** [1] - 10:17
**property** [1] - 3:11
**prosecutor** [1] - 11:9
**prove** [14] - 15:3, 15:9, 15:15, 15:25, 16:2, 16:8, 16:12, 16:20, 16:21, 17:11, 17:21, 17:23, 18:4, 18:8
**proved** [1] - 9:23
**provided** [1] - 9:4
**public** [2] - 9:7, 22:11
**punishable** [1] - 20:1
**punishments** [1] - 27:13
**purpose** [4] - 16:9, 16:15, 18:5, 18:11

## Q

**questions** [11] - 4:15, 5:4, 5:9, 13:8, 13:12, 13:16, 13:19, 24:18, 26:13, 28:8

## R

**raise** [1] - 4:17
**range** [5] - 21:3, 21:4, 21:7, 21:9, 21:11
**Rapids** [6] - 1:10, 1:18, 1:24, 16:25, 17:17, 29:14
**reached** [1] - 13:19
**reaching** [1] - 11:13
**read** [4] - 13:5, 14:20, 15:6, 17:1
**reading** [1] - 5:19
**really** [2] - 5:10, 24:8
**reason** [3] - 7:9, 7:22, 25:20
**reasonable** [2] - 9:24, 15:4
**receive** [3] - 21:18, 21:25, 24:1
**received** [3] - 3:14, 12:8, 12:9
**recommend** [1] - 14:23
**recommendation** [2] - 27:22, 28:2
**recommending** [1] - 27:23
**record** [5] - 4:8, 19:24, 26:22, 27:8, 29:5
**recording** [2] - 1:19, 29:4
**reduced** [1] - 21:25
**reflect** [2] - 4:8, 27:8
**related** [1] - 29:7
**relative** [1] - 29:8
**release** [10] - 20:6, 20:9, 20:12, 22:17, 22:21, 23:3, 23:4, 23:6, 23:8, 23:10
**rely** [1] - 24:6
**remain** [2] - 11:6, 28:7
**report** [7] - 23:25, 24:2, 24:7, 24:10, 24:11, 27:22, 27:25
**Reporter** [2] - 1:20, 29:2
**represent** [3] - 8:13, 8:15, 8:21
**represented** [1] - 3:5
**reputation** [1] - 3:11
**required** [2] - 20:19, 23:13
**restitution** [1] - 23:13
**result** [5] - 21:3, 22:10, 23:12, 23:18, 27:17
**returned** [1] - 11:20
**review** [1] - 13:1
**reviewed** [1] - 7:25
**revoke** [1] - 23:5
**rights** [6] - 8:7, 22:13, 24:25, 25:3, 27:14, 27:15
**RMR** [2] - 1:23, 29:12
**Road** [1] - 1:12
**roberts** [1] - 29:3
**ROBERTS** [1] - 1:16
**role** [1] - 9:9
**RPR** [2] - 1:23, 29:12
**run** [2] - 20:9, 20:17

## S

**S.E** [4] - 1:10, 1:18, 1:24, 29:13
**satisfaction** [1] - 13:16
**satisfied** [2] - 9:3, 14:25
**schedule** [2] - 24:12, 28:5
**school** [1] - 5:17
**seated** [1] - 4:20
**second** [6] - 15:7, 15:24, 16:2, 17:20, 17:23, 20:4
**section** [2] - 9:8, 13:23
**see** [10] - 10:7, 10:8, 12:21, 12:23, 13:23, 14:2, 14:6, 14:14, 14:15, 17:7
**seeing** [1] - 22:3
**selected** [1] - 9:7
**selecting** [1] - 9:9
**send** [1] - 23:6
**sent** [13] - 15:10, 15:12, 15:18, 15:20, 16:1, 16:5, 16:8, 16:14, 16:22, 17:14, 17:22, 18:1, 18:10
**sentence** [14] - 20:10, 20:21, 21:5, 21:8, 21:14, 21:19, 21:24, 22:2, 22:16, 24:8, 24:17, 24:22, 25:9
**sentenced** [1] - 4:25
**sentences** [1] - 20:19
**sentencing** [12] - 18:19, 20:25, 21:1, 21:12, 22:20, 22:25, 24:6, 24:12, 24:13, 24:18, 28:6
**Sentencing** [2] - 21:2, 21:4
**serve** [3] - 9:9, 20:19, 22:11
**served** [3] - 10:23, 22:16, 23:9
**services** [2] - 8:19, 9:4
**set** [2] - 24:25, 29:10
**Seventh** [4] - 1:10, 1:17, 1:24, 29:13
**shift** [1] - 10:18
**Shorthand** [2] - 1:20, 29:2
**sign** [1] - 27:22
**signature** [4] - 12:23, 12:24
**signed** [3] - 4:11, 12:18, 13:2
**signing** [1] - 13:4
**silent** [1] - 11:6
**simply** [1] - 28:3
**sit** [1] - 13:18
**someone** [1] - 26:9
**sorry** [1] - 14:1
**special** [2] - 20:5, 20:11
**specifically** [4] - 15:12, 15:20, 16:24, 17:16

**speedy** [1] - 9:6
**stage** [1] - 8:13
**stand** [2] - 4:17, 8:22
**standard** [1] - 22:21
**state** [3] - 5:11, 5:12, 22:23
**State** [1] - 29:2
**statement** [4] - 4:22, 4:23, 5:5, 5:6
**statements** [3] - 17:6, 17:8, 17:17
**STATES** [2] - 1:1, 1:3
**States** [11] - 1:11, 1:23, 3:3, 3:5, 3:25, 4:1, 21:2, 22:7, 22:19, 29:13
**statutes** [1] - 21:12
**statutory** [1] - 21:19
**Stipulation** [1] - 13:24
**stop** [2] - 7:16, 7:19
**STUBER** [1] - 1:6
**Stuber** [25] - 3:3, 3:8, 4:11, 4:12, 5:14, 5:15, 7:25, 8:2, 8:6, 10:12, 11:1, 11:16, 12:11, 12:13, 12:21, 17:4, 19:5, 19:19, 19:22, 21:13, 23:2, 23:22, 25:5, 26:5, 28:5
**subject** [1] - 20:8
**subparagraphs** [1] - 13:25
**subpoenas** [1] - 10:23
**substances** [1] - 22:24
**suffered** [1] - 5:22
**suggest** [1] - 21:16
**suggests** [1] - 21:5
**Suite** [1] - 1:12
**summary** [1] - 11:16
**superseding** [6] - 3:18, 15:1, 20:1, 26:23, 27:4, 27:10
**supervised** [10] - 20:6, 20:9, 20:12, 22:17, 22:21, 23:3, 23:4, 23:6, 23:7, 23:9
**support** [1] - 19:14
**supposed** [1] - 6:24
**swear** [1] - 9:10
**sworn** [1] - 4:19
**system** [1] - 22:5

## T

**talk** [3] - 8:6, 19:22, 24:15
**talked** [2] - 19:23, 26:11
**telephone** [2] - 16:24, 17:16
**tell** [3] - 9:20, 9:24, 24:16
**term** [1] - 20:5
**terms** [3] - 13:6, 14:21, 23:4
**testify** [5] - 11:6, 11:7, 11:8, 11:13
**testimony** [1] - 10:9
**text** [1] - 15:12
**THE** [183] - 1:1, 1:1, 1:16, 3:2, 3:15, 3:16, 3:20, 3:21, 3:23, 3:24, 4:7, 4:8, 4:20, 5:2, 5:3, 5:8, 5:9, 5:14, 5:15, 5:16, 5:17, 5:18, 5:19, 5:21, 5:22, 5:24, 5:25, 6:4, 6:5, 6:7, 6:8, 6:11, 6:12, 6:14, 6:15, 6:17, 6:18, 6:19, 6:20, 6:23, 6:24, 7:1, 7:2, 7:5, 7:6, 7:8, 7:9, 7:12, 7:13, 7:17, 7:18, 8:5, 8:11, 8:12, 8:17, 8:18, 8:24, 8:25, 9:2, 9:3, 9:5, 9:6, 9:17, 9:18, 10:3, 10:4, 10:14, 10:15, 11:4, 11:5, 11:15, 11:16, 11:22, 11:23, 12:5, 12:7, 12:10, 12:18, 12:20, 12:25, 13:1, 13:3, 13:4, 13:7, 13:8, 13:14, 13:15, 13:17, 13:18, 13:21, 13:22, 14:3, 14:4, 14:8, 14:9, 14:12, 14:13, 14:18, 14:19, 14:22, 14:23, 15:16, 15:17, 15:23, 15:24, 16:3, 16:4, 16:6, 16:7, 16:13, 16:14, 16:18, 16:19, 17:5, 17:6, 17:9, 17:10, 17:12, 17:13, 17:19, 17:20, 17:24, 17:25, 18:2, 18:3, 18:9, 18:10, 18:14, 18:15, 18:23, 18:24, 19:2, 19:5, 19:8, 19:11, 19:14, 19:17, 19:21, 20:15, 20:16, 20:23, 20:24, 21:22, 21:23, 22:6, 22:7, 22:8, 22:9, 22:14, 22:15, 23:11, 23:12, 23:15, 23:16, 23:21, 24:20, 24:21, 25:4, 25:5, 25:11, 25:12, 25:16, 25:17, 25:20, 25:23, 26:1, 26:5, 26:12, 26:13, 26:15, 26:16, 26:18, 26:19, 26:21, 26:22, 27:2, 27:3, 27:7, 27:8, 28:10, 28:11, 28:15, 28:18
**themselves** [1] - 11:12
**therefore** [1] - 27:20
**third** [5] - 16:7, 16:11, 18:3, 18:7, 20:4
**thorough** [1] - 23:24
**threat** [13] - 3:10, 15:11, 15:19, 16:9, 16:11, 16:15, 16:17, 16:23, 17:15, 18:5, 18:6, 18:11, 18:13
**threatened** [1] - 25:13
**threatening** [5] - 3:12, 15:2, 16:9, 26:25, 27:5
**threats** [1] - 27:18
**three** [3] - 15:4, 15:5, 16:20
**throughout** [1] - 14:13
**Tindal** [5] - 1:12, 8:15, 11:25, 13:9, 21:17
**today** [15] - 4:6, 4:13, 5:4, 5:11, 6:3, 6:10, 7:4, 7:14, 8:8, 8:9, 10:11, 11:1, 11:17, 13:18, 23:21
**top** [1] - 12:23
**total** [1] - 20:21
**transcribed** [2] - 1:19, 29:4
**transcript** [1] - 29:5
**Transcript** [2] - 1:21, 1:21
**transmitting** [5] - 3:9, 3:12, 15:2, 26:25, 27:5
**travel** [1] - 10:24
**trial** [14] - 8:9, 8:21, 8:23, 9:7, 9:12, 9:16, 9:20, 9:24, 10:5, 10:18, 11:6, 11:10, 11:17, 11:19
**true** [10] - 14:11, 15:8, 15:17, 15:22, 16:4, 16:14, 17:13, 17:25, 18:10, 29:5
**truthfully** [1] - 5:4
**try** [1] - 9:11
**trying** [1] - 24:7
**turn** [2] - 12:20, 13:22
**two** [2] - 15:12, 15:20
**typed** [1] - 12:22

## U

**U.S** [1] - 1:10
**ultimately** [2] - 21:14, 25:9
**unanimous** [1] - 9:14
**under** [6] - 4:16, 4:18, 4:21, 9:10, 20:25, 24:25
**understood** [3] - 13:5, 14:20, 26:7
**unhappy** [1] - 25:8
**UNITED** [2] - 1:1, 1:3
**United** [11] - 1:11, 1:23, 3:3, 3:5, 3:25, 4:1, 21:2, 22:7, 22:19, 29:13
**up** [9] - 7:20, 8:7, 10:12, 11:2, 12:16, 18:17, 20:6, 21:19, 22:17
**upward** [1] - 21:10
**UR** [2] - 15:14, 15:21
**use** [3] - 5:5, 6:9, 22:24
**used** [1] - 6:5

## V

**validity** [2] - 25:24, 26:3
**verdict** [4] - 9:13, 9:15, 11:13, 11:20
**version** [1] - 12:16
**versus** [1] - 3:3
**victims** [1] - 23:13
**viewed** [4] - 16:10, 16:16, 18:6, 18:12
**violate** [1] - 23:5
**violations** [1] - 23:10
**visit** [2] - 7:19, 7:21
**voluntarily** [3] - 5:12, 27:14, 27:17
**voluntary** [3] - 4:4, 25:18, 26:20
**vote** [1] - 22:10
**VS** [1] - 1:5

## W

**waived** [2] - 24:24, 27:14
**waiving** [1] - 25:3
**want** [7] - 10:9, 10:19, 13:8, 13:10, 18:22, 19:24, 26:6
**wanted** [2] - 10:20, 11:7
**week** [1] - 26:8
**WHEREOF** [1] - 29:10
**William** [2] - 3:3, 5:14
**withdraw** [2] - 18:21, 25:7
**WITNESS** [1] - 29:10
**witnesses** [6] - 10:6, 10:8, 10:13, 10:21, 10:23, 10:24
**work** [1] - 24:9
**written** [2] - 4:9, 28:3

## Y

**year** [1] - 26:8
**years** [4] - 20:6, 20:12, 20:21, 22:17
**years'** [3] - 20:3, 20:10, 21:20