**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN THE MATTER OF<br><br>THE ELECTRONIC FILING OF TRANSCRIPTS | **PUBLIC ADMINISTRATIVE ORDER**<br><br>No. 08-AO-0009-P |

At its September 2007 session, the Judicial Conference of the United States ("Judicial Conference") approved a new policy ("Policy") to make electronic transcripts of court proceedings available to the public. In relevant part, the policy provides:

> a. A transcript provided to a court by a court reporter or transcriber will be available at the office of the clerk of court for inspection only, for a period of 90 days after it is delivered to the clerk;
>
> b. During the 90-day period, a copy of the transcript may be obtained from the court reporter or transcriber at the rate established by the Judicial Conference, the transcript will be available within the court for internal use, and an attorney who obtains the transcript from the court reporter or transcriber may obtain remote electronic access to the transcript through the court's CM/ECF system for purposes of creating hyperlinks to the transcript in court filings and for other purposes; and
>
> c. After the 90-day period has ended, the filed transcript will be available for inspection and copying in the clerk's office and for download from the court's CM/ECF system through the judiciary's PACER system.

JCUS-SEP 07, pp. 12.

The United States District Court for the Northern District of Iowa ("Court") will adhere to the Policy in a manner consistent with the Judicial Conference's written guidance

and the privacy provisions of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Federal Rule of Civil Procedure 5.2, Federal Rule of Criminal Procedure 49.1, Local Rule 10.h, and Local Criminal Rule 7.1. Accordingly, the Court adopts the following specific procedures for electronic transcripts:

1. The Clerk of Court will create an email address for the receipt of electronic transcripts of court proceedings, and will inform court reporters of this address.

2. After completing a transcript of a court proceeding, the court reporter must promptly email an unredacted electronic copy of the transcript to the Clerk of Court in ".pdf" format.

3. The Clerk of Court will file the unredacted electronic transcript through the Court's Case Management/Electronic Case Files ("CM/ECF") system.[1] The Clerk of Court will not immediately make the electronic transcript available for general, remote public access through CM/ECF, but for 90 calendar days after the filing of the unredacted electronic transcript in CM/ECF ("the 90-day period"), the Clerk of Court will ensure that access to the electronic transcript is available only to the following four categories of individuals: (a) court employees; (b) members of the public at public terminals in the offices of the Clerk of Court; (c) persons or entities that have purchased the transcript from the court reporter; and (d) other persons or entities as directed by the court.

4. During the 90-day period, members of the public who have not purchased the transcript from the court reporter may inspect the electronic transcript at public terminals in the offices of the Clerk of Court, but they may not copy or print the transcript.

---

[1] The Clerk of Court will file electronic transcripts of sealed court proceedings in accordance with the standard procedures for filing sealed documents.

5. The Clerk of Court will notify the parties of the filing of the unredacted electronic transcript in the normal course,[2] and will attach a copy of this Administrative Order to the notification.

6. If the transcript contains any of the following personal identifiers—(a) a Social Security number; (b) a financial account number; (c) the name of a minor child; (d) a date of birth; or (e) in a criminal case, an individual's home address (collectively, "the listed personal identifiers")—the parties must, within 21 calendar days of the filing of the unredacted electronic transcript, serve and file a request for redaction ("Request for Redaction") requesting that the personal identifiers be redacted from the transcript. In a Request for Redaction, the parties may request redaction only of the listed personal identifiers. A party filing a Request for Redaction must immediately send a copy of the Request to the court reporter.

7. If a party wants the court reporter to redact other information from the transcript, the party must, within 21 calendar days of the filing of the unredacted electronic transcript, serve and file a motion asking that the redactions be made to the transcript ("Motion for Redaction"). A party filing a Motion for Redaction must immediately send a copy of the Motion to the court reporter. If a Motion for Redaction is filed, the Clerk of Court will not release the electronic transcript for general, remote public access through CM/ECF until the Court has ruled upon the motion, even if the 90-day period has expired. When the Court rules upon a Motion for Redaction, the Clerk of Court will send a copy of the ruling to the court reporter.

8. A party filing a Request for Redaction or a Motion for Redaction must specify, by page and line number, the specific portions of the electronic transcript the party

---

[2] For example, the Clerk of Court will transmit a notice to the parties via the Notice of Electronic Filing through CM/ECF, unless the parties are not registered for CM/ECF, in which case manual notice will be provided.

wants redacted, and also must indicate precisely how such portions of the electronic transcript should be redacted.[3]

9. Within (a) 31 calendar days after the filing of the unredacted electronic transcript, or (b) 10 calendar days after the ruling by the Court on any Motion for Redaction, whichever is later, the court reporter must perform the redactions in any Request for Redaction, and any additional court-ordered redactions, and email a redacted version of the electronic transcript to the Clerk of Court in ".pdf" format. The title page of this redacted electronic transcript must indicate that it is a "REDACTED TRANSCRIPT." At the conclusion of the transcript, the court reporter must insert the following certification: "I certify that the foregoing is a correct copy of the transcript originally filed with the Clerk of Court on [date], incorporating redactions of personal identifiers and any other redactions ordered by the Court, in accordance with Administrative Order [number]."[4]

10. The Clerk of Court will file the redacted electronic transcript as an attachment to the unredacted electronic transcript in CM/ECF. The Clerk of Court will notify the parties of the filing of the redacted transcript in the normal course.

11. After (a) the expiration of the 90-day period, or (b) the filing of a redacted electronic transcript by the Clerk of Court in accordance with paragraph 10, above, whichever is later, the Clerk of Court will make the redacted electronic transcript available for general, remote public access through CM/ECF via PACER, and also

---

[3] For example, if a party wishes to redact the Social Security number 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 appearing on page 12, line 9 of a transcript, the party might state: "Redact the Social Security number on page 12, line 9, to read xxx-xx-6789." The Request should not disclose a listed personal identifier.

[4] The court reporter must ensure that the addition or deletion of text in the redacted electronic transcript preserves the integrity of the lines and page numbers from the unredacted electronic transcript.

will make it available for inspection, copying, and printing at public terminals in offices of the Clerk of Court.

12. After the expiration of the 90-day period, if no party has filed a Request for Redaction or a Motion for Redaction, the Clerk of Court will make the unredacted electronic transcript available for general, remote public access through CM/ECF via PACER.

13. Anyone may purchase a copy of the transcript from the court reporter before it is made available for general, remote public access through CM/ECF via PACER. The Clerk of Court will make the electronic transcript available to the purchaser upon being notified of the purchase by the court reporter.

This Administrative Order applies to all transcripts of proceedings filed on or after May 15, 2008. In accordance with 28 U.S.C. § 753(b), the court reporter must continue to provide certified written transcripts of court proceedings to the Clerk of Court.

Nothing in this Administrative Order is intended to create a private right of action against court reporters, the Clerk of Court, or the Court for any failure to redact required information or for any errors associated with such redaction. Counsel—not court reporters, the Clerk of Court, or the Court—are responsible for redaction of the listed personal identifiers.

Counsel appointed under the Criminal Justice Act may claim compensation, at the applicable rate, for time spent and costs incurred in reviewing unredacted electronic transcripts and in preparing a Notice of Redaction, a Motion for Redaction, and appropriate related motions and responses to motions.

**IT IS SO ORDERED.**

**DATED** this 30th day of June, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

MARK W. BENNETT
JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

EDWARD J. McMANUS
SENIOR JUDGE, U.S. DISTRICT COURT

DONALD E. O'BRIEN
SENIOR JUDGE, U.S. DISTRICT COURT

JON S. SCOLES
MAGISTRATE JUDGE
U.S. DISTRICT COURT

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
U.S. DISTRICT COURT