# United States Court of Appeals
## For the Eighth Circuit


No. 20-1982

United States of America

*Plaintiff - Appellee*

v.

Carl Stuber

*Defendant - Appellant*

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids


Submitted: April 12, 2021
Filed: June 11, 2021
[Unpublished]


Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

After pleading guilty to two counts of transmitting a threatening communication in interstate commerce, the district court[1] sentenced Carl Stuber to 72 months imprisonment. Stuber appeals his sentence, arguing that the district court

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

violated his due process rights based on its finding that he did not suffer from a mental disorder at the time of the offense conduct and committed procedural error by failing to explain the sentence and by relying on clearly erroneous facts in sentencing. Concluding that Stuber's appeal is barred by the appeal waiver contained in his plea agreement, we dismiss the appeal.

Between 2018 and 2019, Stuber made harassing and threatening calls to the bank in Iowa which was the trustee of the trust fund of which Stuber was the beneficiary. Unhappy with his inability to withdraw funds from the trust account, Stuber made numerous threats to bank employees, including threats to kill employees and blow up the bank. Stuber also made threats against his father, his mother, his former girlfriend and mother of his children, and his fiancée. In September 2019, Stuber was indicted on one count of transmitting an extortionate communication in interstate commerce in violation of 18 U.S.C. § 875(d) and three counts of transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c).

On November 12, 2019, Stuber pled guilty to two counts of transmitting a threatening communication in interstate commerce pursuant to a written plea agreement. The plea agreement contained an express "Waiver of Appeal" provision, which states:

> After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed. Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. Should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to defendant's offenses and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if defendant files such a

> motion, the government reserves the right to oppose the motion on any other grounds, and it reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is constitutionally defective. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorneys after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

The plea agreement also contained a provision stating that Stuber acknowledged he was entering into the plea agreement and pleading guilty freely and voluntarily. During the colloquy with the district court at his change of plea hearing, the district court specifically questioned Stuber about his mental state; Stuber affirmed he understood the proceedings and that he did not have to enter a guilty plea, was generally satisfied with his attorney, and had gone over and understood the plea agreement; his attorney affirmed her belief that Stuber was competent to enter a guilty plea; and the district court specifically identified the rights Stuber would be giving up by pleading guilty, with Stuber affirming that he understood he was relinquishing these rights. Stuber also explicitly acknowledged that he understood that he was waiving certain appeal rights as part of his plea agreement and that he had not been forced, threatened, or pressured in any way to enter a guilty plea, nor had he received any promises in exchange for a guilty plea, apart from those contained in the plea agreement. Further, Stuber's attorney stated her belief that Stuber's guilty plea was voluntary.

At the sentencing hearing, the district court calculated Stuber's Guidelines range at 37 to 46 months imprisonment. The government sought an upward departure pursuant to USSG § 2A6.1 note 4 based on Stuber's actions in making multiple threatening communications and an upward departure pursuant to USSG § 4A1.3 based on the underrepresentation of Stuber's criminal history. The government sought, in the alternative, an upward variance, and sought a total term of imprisonment of 63 months. Stuber sought a downward departure for reduced mental capacity pursuant to USSG § 5K2.13 or a downward variance. The district court denied Stuber's motions, granted the government's motion for an upward departure based on USSG § 2A6.1, denied the government's motion for an upward departure based on USSG § 4A1.3, and sentenced Stuber to 72 months imprisonment. The district court also stated that if the departure were erroneous, it would have imposed an upward variance after considering the applicable 18 U.S.C. § 3553(a) factors to reach the same sentence.

Stuber appeals, asserting that the district court violated his due process rights and committed procedural error in sentencing him. The government responds that Stuber's claims are barred by the appeal waiver in his plea agreement. "We review de novo issues concerning the interpretation and enforcement of a plea agreement and the application of appeal waivers." United States v. Dallman, 886 F.3d 1277, 1280 (8th Cir. 2018). "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003).

Stuber first asserts that the appeal waiver is ambiguous due to conflicting provisions in the plea agreement and thus must be construed in his favor. Stuber specifically identifies paragraph 12(I) of the plea agreement as in conflict with the general "Waiver of Appeal" provision. Paragraph 12(I) provides: "No other agreements have been reached, and the parties are free to litigate any and all other

applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines, and any variances of any kind from the advisory guideline range, in any amount, in either direction." Stuber asserts that this provision reserves his right to pursue his claims on appeal. We disagree. While it is true that appeal waivers are "strictly construed" with any ambiguity "read against the Government and in favor of a defendant's appellate rights," see Andis, 333 F.3d at 890, here, there is no conflict between the general appeal waiver and paragraph 12(I) in the plea agreement. Paragraph 12(I) is contained within the section of the plea agreement detailing the parties' stipulations regarding application of the Guidelines and clearly delineates the parties' rights at the initial sentencing hearing before the district court, while the other limits his rights to appeal his sentence. Indeed, this Court has recently enforced an appeal waiver in a case where the defendant made the same argument regarding identical language in a plea agreement. See United States v. Arce, 816 F. App'x 30, 31 (8th Cir. 2020) (per curiam); see also Brief of Appellant at 35, United States v. Arce, No 19-2972 (8th Cir. Dec. 13, 2019).

Finding no ambiguity in the appeal waiver, we conclude that Stuber's claims fall within the scope of the waiver. The appeal waiver allows Stuber to appeal in only three limited circumstances: to assert claims that the sentence is not in accordance with this plea agreement; the sentence imposed exceeds the maximum statutory penalty; and the sentence is constitutionally defective. Although Stuber purports to raise a constitutional claim by alleging a violation of his due process rights, his argument is, in essence, that his sentence is substantively unreasonable because the district court failed to adequately take into consideration his mental health condition. Despite Stuber's attempt to advance his argument in language designed to evade the limits of his appeal waiver, he cannot transform a substantive unreasonableness argument into a constitutional one. Second, Stuber's claim of procedural error does not purport to raise any of the identified issues upon which he may pursue an appeal. Stuber's claims thus fall squarely within the scope of the appeal waiver.

The record also demonstrates that Stuber knowingly and voluntarily entered into the plea agreement and appeal waiver. The plea agreement contains Stuber's acknowledgment that the plea agreement and guilty plea were voluntary. The district court also questioned Stuber at his change of plea hearing ensuring that Stuber understood the consequences of his actions in entering a guilty plea pursuant to the plea agreement and that he was doing so voluntarily. In addition, the district court confirmed with Stuber's attorney that she believed Stuber's actions to be voluntary. Thus, the record sufficiently demonstrates the knowing and voluntary nature of Stuber's plea agreement and appeal waiver. See United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009) (finding that a plea agreement and appeal waiver were knowing and voluntary based in part on colloquy between district court and defendant). Finally, we conclude that enforcement of the waiver would not result in a miscarriage of justice. See United States v. Gatling, 803 F. App'x 969, 972 (8th Cir. 2020) (per curiam) ("[T]he 'miscarriage of justice' exception is a narrow one that may arise in only limited contexts.").

We accordingly enforce the appeal waiver and dismiss the appeal.

______________________________



Case 1:19-cr-00081-CJW-MAR Document 59 Filed 06/11/21 Page 6 of 7
Appellate Case: 20-1982 Page: 6 Date Filed: 06/11/2021 Entry ID: 5044291

**United States Court of Appeals**
***For The Eighth Circuit***
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
***Clerk of Court***

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

June 11, 2021

Mr. Raphael M. Scheetz
Suite 1010
425 Second Street, S.E.
Cedar Rapids, IA 52401-0000

RE: 20-1982 United States v. Carl Stuber

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

CRJ

Enclosure(s)

cc: Mr. Clerk, U.S. District Court, Northern Iowa
Ms. Kyndra Lundquist
Mr. Carl Stuber

District Court/Agency Case Number(s): 1:19-cr-00081-CJW-1