**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

No: 20-1982

---

United States of America

Plaintiff - Appellee

v.

Carl Stuber

Defendant - Appellant

---

Appeal from U.S. District Court for the Northern District of Iowa - Cedar Rapids
(1:19-cr-00081-CJW-1)

---

**JUDGMENT**

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

This appeal from the United States District Court was submitted on the record of the district court and briefs of the parties.

After consideration, it is hereby ordered and adjudged that the appeal is dismissed in accordance with the opinion of this Court.

June 11, 2021

Order Entered in Accordance with Opinion:
Clerk, U.S. Court of Appeals, Eighth Circuit.

/s/ Michael E. Gans

Adopted April 15, 2015
Effective August 1, 2015

**Revision of Part V of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964.**

V. Duty of Counsel as to Panel Rehearing, Rehearing En Banc, and Certiorari

Where the decision of the court of appeals is adverse to the defendant in whole or in part, the duty of counsel on appeal extends to (1) advising the defendant of the right to file a petition for panel rehearing and a petition for rehearing en banc in the court of appeals and a petition for writ of certiorari in the Supreme Court of the United States, and (2) informing the defendant of counsel's opinion as to the merit and likelihood of the success of those petitions. If the defendant requests that counsel file any of those petitions, counsel must file the petition if counsel determines that there are reasonable grounds to believe that the petition would satisfy the standards of Federal Rule of Appellate Procedure 40, Federal Rule of Appellate Procedure 35(a) or Supreme Court Rule 10, as applicable. *See Austin v. United States,* 513 U.S. 5 (1994) (per curiam); 8th Cir. R. 35A.

If counsel declines to file a petition for panel rehearing or rehearing en banc requested by the defendant based upon counsel's determination that there are not reasonable grounds to do so, counsel must so inform the court and must file a written motion to withdraw. The motion to withdraw must be filed on or before the due date for a petition for rehearing, must certify that counsel has advised the defendant of the procedures for filing *pro se* a timely petition for rehearing, and must request an extension of time of 28 days within which to file pro se a petition for rehearing. The motion also must certify that counsel has advised the defendant of the procedures for filing *pro se* a timely petition for writ of certiorari.

If counsel declines to file a petition for writ of certiorari requested by the defendant based on counsel's determination that there are not reasonable grounds to do so, counsel must so inform the court and must file a written motion to withdraw. The motion must certify that counsel has advised the defendant of the procedures for filing *pro se* a timely petition for writ of certiorari.

A motion to withdraw must be accompanied by counsel's certification that a copy of the motion was furnished to the defendant and to the United States.

Where counsel is granted leave to withdraw pursuant to the procedures of *Anders v. California,* 386 U.S. 738 (1967), and *Penson v. Ohio*, 488 U.S. 75 (1988), counsel's duty of representation is completed, and the clerk's letter transmitting the decision of the court will notify the defendant of the procedures for filing pro se a timely petition for panel rehearing, a timely petition for rehearing en banc, and a timely petion for writ of certiorari.