**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CARL WILLIAM STUBER, IV,<br>Defendant. | No. 19-CR-81-CJW-MAR<br><br>**ORDER** |

This matter is before the Court on defendant's pro se motion for reduction in sentence, claiming he is entitled to reduction due to Guidelines Amendment 821 which eliminated or reduced status criminal history points for offenders committing offenses while on probation. (Doc. 62).

On November 1, 2023, the United States Sentencing Commission ("Commission") enacted several amendments to the United States Sentencing Guidelines ("Guidelines"). One of those amendments, Amendment 821 ("the Amendment") amends Section 4A1.1(d), the so-called status points provision that added criminal history points when a defendant committed the instant offense while under a criminal justice sentence. The Commission voted to apply the amendment retroactively.

Here, defendant did receive two so-called status points under Section 4A1.1(d), but it had no impact on his criminal history category or advisory Guidelines sentence. (Doc. 32, at 21). Defendant's prior convictions resulted in 10 criminal history points. (*Id.*). Two status points were added, placing defendant in a criminal history category V. (*Id.*). An offender falls in Criminal History Category V, however, if they have anywhere between 10 to 12 criminal history points. Thus, the addition of the status points did not change defendant's criminal history category.

Defendant had a total offense level of 15, criminal history category V, with an advisory Guidelines range of 37 to 46 months. (*Id.*, at 32). The Court sentenced defendant to 72 months, however, by imposing the statutory maximum sentence on Count 1 and a consecutive 12-month sentence on Count 2. (Doc. 45, at 1-2). The Court sentenced defendant above the Guidelines range because of the repeated nature of defendant's egregious criminal conduct. (Doc. 46, at 2). In short, defendant's criminal history category became irrelevant to the Court's determination of the appropriate sentence. Defendant's assertion that he is entitled to a sentencing reduction is frivolous, at best.

Thus, the Court **denies** defendant's motion for reduction in sentence. (Doc. 62).

**IT IS SO ORDERED** this 19th day of January, 2024.

C.J. Williams
United States District Judge
Northern District of Iowa